MAURICE COLLINS v. LUTHER BEECHER AND MARQUETTE & PACIFIC ROLLING MILL COMPANY.

*Bill of particulars—Variance from evidence—Amendments.*

Where a bill of particulars gives the dates of charges, a due-bill of a later date and for a less amount than the aggregate of items, should not be rejected for variance if it tends to prove an indebtedness existing at its date.

Single items of evidence cannot be rejected for failing to establish the whole case, but must be received if they contribute to that end; and their sufficiency in connection with the other evidence will be determined on a review of the whole when the case is closed.

Where evidence is objected to solely for a formal variance from the bill of particulars, it is better to permit an amendment of the bill than reject the evidence, unless there is reason to believe the defendant will be prejudiced.

Error to Marquette. Submitted Jan. 14. Decided Jan. 28.

ASSUMPSIT. Plaintiff brings error. Reversed.

*F. O. Clark* for plaintiff in error.

*J. P. Whittemore* for defendant in error.

COOLEY, J. Collins sued the Marquette & Pacific Rolling Mill Company to recover compensation for labor performed for the company in the year 1877. Beecher was made a joint defendant, as being a stockholder. A bill of particulars being called for by Beecher, was given as follows:

*The Marquette & Pacific Rolling Mill Company*, Dr.

To *Maurice Collins:*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| To | 25½ days' | work in | May, | 1877, at | $2.00 | per day, | $51.00 |
| " | 16¾ | " " | June, | " | " | " | 33.50 |
| " | 23¼ | " " | July, | " | " | " | 46.50 |
| " | 27 | " " | Aug. | " | " | " | 54.00 |
| " | 24 | " " | Sept. | " | " | " | 48.00 |
| " | 20 | " " | Oct. | " | " | " | 40.00 |
| | | | | | | | $273.00 |

The above work performed as common miner in the Rolling Mill Mine.

On the trial the plaintiff gave evidence tending to show that he was employed to labor for the Rolling Mill Co. in 1877; that W. W. Wheaton was treasurer and general manager of the company in that year, and James Bale superintendent under him, and that Bale, under Wheaton's direction, gave to the laborers time or due bills when they left respec-

tively.   He then offered in evidence the following paper,
having first proved the signature to it:

"No. 4099.                    NEGAUNEE, November 7th, 1877.
   Due Maurice Collins for labor from the Rolling Mill
Mine on pay day, one hundred thirty-seven dollars ($137).
                     W. W. WHEATON, Treasurer.
                              By JAMES BALE, Supt."

This was objected to because it varied from the bill of
particulars, and the objection was sustained.   No other reason
was assigned.

The variance from the bill of particulars must consist in
this: that the paper rejected did not specify the months in
which the labor was performed.   But this, we think, was
altogether too technical.   The paper tended to prove an
indebtedness for labor existing at its date, and was admissible
on that ground even though, standing alone, it might not
have gone far enough to make out the plaintiff's case.   No
single item of evidence can be rejected upon the sole ground
that it falls short of making a case; if it contributes to that
end it must be received, and its sufficiency in connection
with the other evidence must be determined on a review of
the whole when the case is closed.   Moreover, when the sole
objection is that the evidence offered varies from the bill of
particulars, if the variance is merely formal, it is better to
permit an amendment of the particulars than to reject the
evidence, because the amendment will generally be in fur-
therance of justice, unless there is reason to believe the
defendant will be prejudiced thereby.

The judgment must be reversed with costs and a new trial
ordered.

The other Justices concurred.