## EBENEZER TAYLOR v. CORNELIUS SOPER.

*Verbal warranty of note.*

1. A third person's statement that a note offered by a purchaser is as good as money or as good as gold, is not a guaranty of its collection; and if the vendor finds it worthless, he is not bound to take measures to enforce it against the maker before proceeding against the person who answered for it.

2. Parties may bind themselves by whatever contracts they please, if legal and feasible; one may therefore verbally answer for a note offered by another, as being as good as the money.

Error to Jackson. (Gridley, J.)    Feb. 1.—March 6.

Assumpsit.    Plaintiff brings error.    Reversed.

*A. & C. A. Blair* for appellant. An action will lie upon a warranty of the responsibility of the maker of a promissory note, as well as upon the sale of any other property: *Whitten v. Wright* 34 Mich. 92; *Daniels v. Dayton* 49 Mich. 137; *Huntington v. Wellington* 12 Mich. 10; *Clark v. Roberts* 26 Mich. 506; see *Milks v. Rich* 80 N. Y. 269.

*L. M. Powell* and *T. A. Wilson* for appellee. An unwritten guaranty of a promissory note is void unless there is a consideration for it : How. Stat. § 6185 ; *Mallory v. Gillett* 21 N. Y. 416 ; *Calkins v. Chandler* 36 Mich. 320 ; *Corkins v. Collins* 16 Mich. 482 ; *Preston v. Young* 46 Mich. 103 ; *Furbish v. Goodnow* 98 Mass. 297 ; *Dows v. Swett* 120 Mass. 322 ; *Watson v. Randall* 20 Wend. 201 ; a statement that a note is good, if binding on the promisor, is a guaranty : *Huntington v. Wellington* 12 Mich. 15; *Aldrich v. Chubb* 35 Mich. 360 ; *Curtiss v. Smallman* 14 Wend. 231 ; *Cooke v. Nathan* 16 Barb. 342 ; Edw. N & B. § 332 ; *Northern Ins. Co. v. Wright* 76 N. Y. 445.

Champlin, J. The plaintiff brought this action against defendant for the breach of an alleged verbal warranty. The warranty consisted in stating that a certain note which plaintiff was offered as part of the purchase price of a farm the plaintiff was selling to defendant's son was as good as gold, or as good as money. The note was in fact worthless. The circuit judge instructed the jury that the statement, if anything, was a guaranty of the collection of the note, and that it became necessary for the plaintiff to pursue such remedies as the law afforded him to enforce the collection from the maker of the note before he could sue the defendant in this case ; and not having done anything in that regard, he directed that a verdict be rendered for the defendant, which was done.

The plaintiff did not count upon a guaranty, nor did the evidence tend to prove that the contract was a guaranty of the collection of the note. A warranty that a note is as good as the money, or that it is as good as gold, is not in legal effect a guaranty that the note is collectible by due process of law. The parties, had a right to bind themselves by a contract to what extent they pleased, within legal and possible bounds. *Koch v. Melhorn* 25 Penn. St. 89.

The court erred in the instructions given, and

The judgment is reversed and a new trial is ordered.

The other Justices concurred.