EBENEZER TAYLOR v. SAMUEL BUNKER, ADMINISTRATOR
OF THE ESTATE OF CORNELIUS SOPER, DECEASED.

[See 53 Mich. 96.]

*Evidence—Matters equally within knowledge of deceased defendant
—Revival of suit—Testimony given on former trial.*

1. The knowledge by third parties of facts which a plaintiff is dis-
   qualified from testifying to because equally within the knowl-
   edge of a deceased person will not remove the statutory bar to
   such testimony.

2. A change in the issue by the amendment of the declaration, after
   the revivor of a suit, will prevent the plaintiff's testifying to
   matters equally within the knowledge of the deceased defendant,
   under a claim that on a former trial both parties were witnesses,
   and that the former testimony of the defendant could be used as
   rebutting testimony by the administrator, if under *any* circum-
   stances such a course is permissible.

Error to Jackson. (Gridley, J.) Argued January 6, 1888.
Decided January 19, 1888.

Assumpsit. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*A. & C. A. Blair,* for appellant.

*Lewis M. Powell,* for defendant.

CHAMPLIN, J. This case was before us in the January term,
1884, and is reported in 53 Mich. 96 (18 N. W. Rep. 570),
under the title of *Taylor v. Soper.* The judgment was then
reversed, and a new trial ordered. Since that time the dec-
laration has by leave of court been amended. Before trial,
the defendant, Soper, died, and the suit was revived and con-
tinued against Bunker, as administrator of Soper's estate.

Upon the trial of the cause, the plaintiff was sworn as a
witness in his own behalf, and was interrogated as to what

occurred between himself and the defendant's intestate relative to the purchase by plaintiff from Soper, since deceased, of the Mann note. The counsel for the defendant objected, on the ground that the inquiry called for matters that were equally within the knowledge of Cornelius Soper, and, as the suit was prosecuted against and defended by his administrator, the testimony was inadmissible from this witness, under the statute. The court sustained the objection.

The plaintiff then testified, subject to objection taken by defendant's counsel, that at the time he purchased the note he was in Mr. Powell's office, and that there were present, besides the parties to the suit as originally instituted, Mr. Powell, Mr. David Soper, and Mr. Melvin Sigford. Plaintiff called as a witness Melvin Sigford, who testified that he was present when the farm was sold by plaintiff to Mr. Soper, but he heard no conversation between them.

Plaintiff also introduced as a witness in his own behalf, one Calvin Sackett, who testified to a conversation which he heard between the plaintiff and Cornelius Soper respecting the Mann note. Afterwards, the plaintiff was recalled as a witness, and asked to state the conversation which occurred between himself and Mr. Soper in Sackett's presence, and about which he testified. This was objected to as inadmissible under the statute, and excluded. These rulings of the circuit judge are assigned as error.

The circuit judge was correct. The statute enacts—

"That, when a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness on his own behalf, shall not be admitted to testify at all to matters which, if true, must have been equally within the knowledge of such deceased person." How. Stat. § 7545.

Counsel for plaintiff urge that the fact that other persons were present when the conversations occurred takes the case out of the operation of the statute. But this position cannot

be granted. If others were present, they are competent witnesses to prove the conversation by. The statute makes no exception, and does not allow the living party to add the weight of his testimony, when the deceased cannot be heard. The point is fully covered by *Downey v. Andrus*, 43 Mich. 65 (4 N. W. Rep. 628), where the decisions to that time are reviewed.

It is also urged by counsel for plaintiff that inasmuch as the case had been once tried in the circuit during the lifetime of Mr. Soper, and he was allowed to cross-examine the plaintiff, and testify in his own behalf, the plaintiff should be allowed to testify, and leave the defendant to introduce, in rebuttal, the testimony of Mr. Soper given upon the former trial.

These circumstances do not afford a sufficient reason for abrogating the statute. Aside from other considerations which render this proposition untenable, it must be remembered that the declaration has been amended since the former trial, so that it cannot be said that the issue is precisely the same, which, if the suggestion were permissible in any case, would render it improper in this.

The plaintiff's case being thus bereft of his own testimony to support the material allegations of his declaration, the court directed a verdict for the defendant. We do not see how he could have done otherwise. The testimony as to admissions made by defendant did not cover the vital points in controversy, and fell far short of proving the case alleged in the declaration.

No other errors are assigned, and the judgment is affirmed.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CAMPBELL, J., did not sit.