## ADDISON J. TRUNKEY ET AL.
### v.
## ERIC L. HEDSTROM ET AL.

*Sales—Quantity of Coal—Failure to Deliver—Damages—Evidence— Stenographer's Transcript—Introduction of, upon Subsequent Trial— Stipulation—Death of Witness.*

1. In the absence of a statutory provision, the rule is that a deposition given by a witness at a time when he was not disqualified, may be read in chancery, or on the trial at law of an issue out of chancery, if he acquires an interest in the suit after giving the same.

2. A stenographer's transcript of the evidence of a party plaintiff to a given suit is inadmissible upon a subsequent trial thereof, the agent of the defendant with whom the contract in question was entered into having died in the meantime.

3. In an action for the recovery of damages alleged to have arisen through the failure of defendants to deliver a quantity of coal contracted for, this court declines, there being no evidence tending to prove that the plaintiffs were ready to pay for the same, to interfere with the judgment against them.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon.
KIRK HAWES, Judge, presiding.

Mr. PERRY A. HULL, for appellants.

Mr. FREDERIC ULLMANN, for appellees.

GARNETT, P. J.    This is a suit in assumpsit, by appellants
against appellees, to recover damages for failing to deliver
7,500 tons of coal, which appellants allege they purchased of
appellees in 1880.    The contract was made between Addison
J. Trunkey and Horatio L. Pratt, agent of appellees.

On the first trial of the case, in April, 1886, both Trunkey
and Pratt testified, the evidence being preserved in shorthand
by a stenographer, who made a transcript of their testimony.
The jury having disagreed and the cause coming on for trial
again, it was stipulated that the transcript of Pratt's testimony
might be read in evidence by the defense, if it saw fit, on the
second or any subsequent trial of the case.    The verdict, on
the second trial, was set aside, and a new trial granted.    After-
ward, and before the third trial, Pratt died.    Trunkey thus
being rendered an incompetent witness, the plaintiff, on the
third trial sought the benefit of his evidence, given on the
first trial, by offering so much of the transcript thereof as
tended to prove the conversations between Trunkey and
Pratt in reference to the contract, and made the requisite
proof of the correctness thereof, but the trial court ruled the
same incompetent, to which appellants duly excepted.    The
evidence thus excluded was material to the plaintiff's cause of
action, and was not supplied by any other proof.

In the absence of statutory provision the rule seems to be
that a deposition, given by a witness at a time when he was
not disqualified, may be read in chancery, or on the trial at
law of an issue out of chancery, if he acquires an interest in
the suit after giving his deposition.    And Greenleaf in his
work on Evidence, Vol. 1, Sec. 168, says: " In other trials at

Trunkey v. Hedstrom.

law no express authority has been found for reading the deposition, and it has been said that the course of practice is otherwise; but no reason is given, and the analogies of the law are altogether in favor of admitting the evidence. And as it is hardly possible to conceive a reason for the admission of prior testimony, given in one form, which does not apply to the same testimony given in any other form, it would seem clearly to result, that where the witness is subsequently rendered incompetent, by interest lawfully acquired in good faith, evidence might be given of what he formerly testified orally, in the same manner as if he were dead." The case referred to, however, is that of a witness who was wholly disinterested when his evidence was first given, and therefore supposed to be entirely without bias or prejudice. The author does not tell us what the rule would be, when a statute like that in force in this State has been enacted, providing for the admission of the parties to the suit as competent witnesses. By the first section of our statute it is declared that no person shall be disqualified as a witness in any civil action, by reason of his interest in the event thereof; by the second, that no party to any civil action shall be allowed to testify therein of his own motion when any adverse party sues or defends as executor, administrator, heir, legatee or devisee of any deceased person, except in certain specified cases; by the fourth, that a party to the suit, who has contracted with an agent of the adverse party, the agent having since died, shall not be a competent witness as to any conversation or transaction between himself and such agent, except where the conditions are such that under the provisions of the act he would have been permitted to testify if the deceased person had been a principal and not an agent. The intention of the Legislature is hereby plainly expressed, and the courts can not add to what has been enacted without exceeding their judicial functions.

If Pratt had been the principal in the contract he made with appellants, his death would have disqualified Trunkey as a witness, as the facts do not bring the case within any of the specified exceptions to section 2. Nor is there anything in the

statute authorizing the admission of proof of the testimony formerly given by Trunkey. It declares the cases in which he may be a competent witness, but has nothing to say as to when his testimony, given on a former trial, is admissible, thus leaving the question as it was at common law. Taylor v. Bunker, 36 N. W. Rep. 66.

Appellants claim that although they were prevented by the exclusion of the transcript of Trunkey's evidence from proving the contract price for the coal, yet they are entitled to recover, because they did prove by another witness the quantity of the coal contracted for, and the value thereof at the time of the contract, and at the time and place of the delivery. Conceding that the proof was sufficient on these points, the cause of action was not made out without showing appellants' readiness to pay. Hough v. Rawson, 17 Ill. 588; Funk v. Hough, 29 Ill. 145; Kitzinger v. Sanborn, 70 Ill. 147.

The amount required to pay for the coal in question was about $40,000, but there was no evidence given tending to prove that plaintiffs were ready to pay that or any other sum.

The judgment is affirmed.

*Judgment affirmed.*