MURRAY N. RALPH, Appellant, v. LOREN D. ELDREDGE
AND Others, Respondents.

*Guaranty to pay all notes which should "prove to be uncollectible" — not enforceable
until judgment and execution returned unsatisfied.*

One partner sold to another the stock in trade of the partnership and received
himself from his copartner certain notes, accounts and demands owing to the
firm, and also received a bond conditioned that his partner would pay to him one-
half of all notes, accounts and claims of the late firm assigned to him " that shall
prove to be uncollectible, if any such there be."

*Held,* that no right of action arose upon the bond as to any claim until the same
had been prosecuted to judgment, and an execution had been issued upon such
judgment and returned unsatisfied.

Appeal by the plaintiff from a judgment of the Supreme Court,
entered in the office of the clerk of the county of St. Lawrence on
the 5th day of December, 1889, after a trial before a referee.

*John C. Keeler*, for the appellant.

*A. Z. Squires*, for the respondent Eldredge.

*V. P. Abbott*, for the respondent Seymour.

Learned, P. J.:

The plaintiff and defendant Eldredge had been copartners. On
the 25th of November, 1884, the firm dissolved; plaintiff sold to
Eldredge the stock, and Eldredge conveyed to plaintiff his interest
in the notes, accounts and demands owing the firm. At the same
time Eldredge executed to plaintiff a bond, with defendant Seymour
as surety.

The condition of the bond was that Eldredge should pay to
plaintiff one-half of the amount of notes, accounts and claims of the
late firm assigned by Eldredge to plaintiff, " that shall prove to be
uncollectible, if any such there be," with interest from the date
of the bond.

On the trial the plaintiff produced a list of claims which he
claimed to be uncollectible, and testified, or offered to testify, as to
each, that he was personally acquainted with the financial ability
of each, and that since the assignment not one of them has had suffi-
cient ability to pay the claim.

This testimony was objected to as incompetent, and the referee

so held.   And the referee made his report that no right of action arose on the bond until the prosecution of the claims to judgment and the issue and return unsatisfied of execution thereon.

From the judgment thereupon entered the plaintiff appeals.   The question here is, whether it was necessary for plaintiff thus to prosecute to judgment and execution before he could recover on the bond. That question must depend on the meaning of the condition of the bond.   Because there is no other liability of either defendant to the plaintiff.

It seems to be settled in this State that a guaranty of collection is an undertaking to pay the sum of money guaranteed, provided the principal debtor is prosecuted to judgment and execution with due diligence, and the same cannot be collected of him.   (*Northern Ins. Co.* v. *Wright*, 76 N. Y., 445 ; *Craig* v. *Parkis*, 40 id., 181.) The plaintiff urges that the bond does not guarantee the collection of these claims, but is only a contract to pay plaintiff one-half of the amount of those which should turn out bad.   But the bond uses the word "uncollectible," and the question must be, what is the legal meaning of that word.   That word has a definite meaning, as decided in the cases above cited.   And that meaning should be here enforced.

The plaintiff urges that the amounts are small and it could not have been intended that they should be sued.   But it would be incorrect to hold that "uncollectible" meant one thing as to small amounts and another thing as to large.   The language "prove uncollectible" strengthens this view.   Some process was in view by which it should be legally ascertained that the amounts were uncollectible.   That process is prosecution to judgment and execution.   The defendants might have bound themselves to pay half of such amounts as should not be voluntarily paid.   But they did not do so.   And as they were under no obligation to plaintiff except upon the bond, we think that he cannot recover without showing judgment and execution returned unsatisfied.   To hold otherwise would be contrary to a familiar and settled rule of construction.

The judgment must be affirmed, with costs.

LANDON and MAYHAM, JJ., concurred.

Judgment affirmed, with costs.