96 171
s 115 620

MYRON W. CLARK ET AL. v. HENRY KELLOGG.

*Guaranty of collection—Evidence—Pleading.*

1. An agreement by which the assignor of a quantity of notes and accounts does guarantee, represent, and warrant that a specified sum shall be realized thereon, and which provides that the assignees shall use due diligence in their collection, amounts to a guaranty of collection.[1]

2. In order to recover upon such guaranty, the assignees must show that each note and account has been put into judgment, and that an execution has been returned thereon unsatisfied; citing *Bosman v. Akeley,* 39 Mich. 710; *Schermerhorn v. Conner,* 41 Id. 374.

8. Evidence of a waiver of the exercise of "due diligence" is inadmissible in a suit upon a guaranty of collection, unless specially counted upon in the declaration; citing *Aldrich v. Chubb,* 35 Mich. 350.

[1] See *Totten v. Burhans,* 91 Mich. 495.

Error to Jackson. (Person, J., presiding.) Submitted on briefs March 9, 1893. Decided June 23, 1893.

*Assumpsit.* Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Thomas A. Wilson,* for appellants.

*Blair & Wilson* and *Parkinson & Day,* for defendant.

MONTGOMERY, J. The plaintiffs sued the defendant, counting upon a breach of an agreement given on the occasion, and in consideration, of the purchase by the plaintiffs from the defendant of a stock of goods and a quantity of notes and accounts. That portion of the agreement material to be considered in determining the questions involved reads as follows:

"The said party of the first part * * * does covenant and agree * * * that the annexed invoice is a true statement of the amount and value of stock, merchandise, and property, and also guarantee, represent, and warrant that there is in said stock goods to the value of $14,709.68; also that the amount of $29,702.54 net shall be realized, without charging for the personal services of the parties of the second part, nor other charges of second parties, except incurred in suits, by the parties of the second part upon the accounts and notes herein conveyed. The parties of the second part shall use due diligence in their collection."

The declaration counted upon this agreement, and set out no subsequent modification or waiver of its terms. On the trial the plaintiffs sought to recover by showing that they had dealt with the accounts as men of ordinary business judgment would, and also sought to show that the defendant had, as to a large portion of the accounts, directed the plaintiffs as to what he would require as evidence of due diligence, and that plaintiffs had complied with the demands of the defendant in this regard.

1. The circuit judge construed the original contract as

amounting to a guaranty of collection, and held that no showing of diligence was sufficient which did not include proof that the accounts had each been put in judgment, and execution had been taken out, and returned unsatisfied. This ruling was unquestionably right, if the proper construction was placed on the contract. *Bosman v. Akeley,* 39 Mich. 710; *Schermerhorn v. Conner,* 41 Id. 374.

It is contended, however, that the contract in question should not be construed as a guaranty of collection of each individual account, requiring resort to legal process in the collection of each, but amounted to a warranty and representation that there should be realized $29,702.54 from the total of the accounts; and that the fact that the amount guaranteed to be realized was much less than the face of the accounts negatives the idea that resort should be had to suit upon each account.[1] The infirmity of this construction is that it ignores the subsequent language, "The parties of the second part shall use due diligence in their collection," or accords to this language a meaning at variance with the settled significance of the terms employed. What constitutes due diligence is settled by the cases of *Bosman v. Akeley* and *Schermerhorn v. Conner, supra.*

In the case of *Ralph v. Eldredge,* 58 Hun, 203, a similar question was presented. Plaintiff and defendant were copartners. Defendant conveyed his interest to the plaintiff in the notes, accounts, and demands owing to the firm. The defendant at the same time executed to the plaintiff a bond with the condition that defendant should pay to the plaintiff one-half of the amount of the notes, accounts, and claims of the late firm assigned by defendant to plaintiff that should prove to be uncollectible, if any such there should be. The court say:

"It seems to be settled in this state that a guaranty of

---

[1] Counsel cited *Taylor v. Soper,* 53 Mich. 96; *Koch v. Melhorn,* 25 Penn. St. 89; *Struthers v. Clark,* 30 Id. 210.

collection is an undertaking to pay the sum of money guaranteed, provided the principal debtor is prosecuted to judgment and execution with due diligence, and the same cannot be collected of him.   *   *   *   The plaintiff urges that the bond does not guarantee the collection of these claims, but is only a contract to pay plaintiff one-half of the amount of those which should turn out bad.   But the bond uses the word ' uncollectible,' and the question must be, what is the legal meaning of that word ?   That word has a definite meaning, as decided in the cases above cited; and that meaning should be here enforced."

The legal signification of the term " due diligence," as applied to a guaranteed note or account, is well understood, and the parties must be assumed to have contracted with reference to that meaning.

2. The court rightly held that the alleged subsequent waiver could not be shown under the pleadings in this cause.   The contract itself having fixed upon the plaintiffs a specific duty, the averment in the declaration that the plaintiffs did use due diligence amounted, in effect, to an averment that they had pursued the course which the law imposes upon them in order to charge the guarantor.   If they relied on any excuse for failing to use due diligence, this should have been counted upon in the declaration. *Aldrich v. Chubb,* 35 Mich. 350.

Judgment affirmed, with costs.

The other Justices concurred.