SOGGE *v.* SCHWARTZ.

BILL OF PARTICULARS—AMENDMENT.

    A bill of particulars stated that in October, 1892, on a full settlement of partnership dealings, it was found that defendant owed plaintiff $1,000, which he agreed to pay. The evidence showed that, while there was a partial settlement in October, there was no full settlement until November, and that the amount actually due was $528.50. It appeared that the settlement was made with defendant personally, and that the books and papers of the partnership had been all the time in his custody. *Held*, that the bill of particulars did not surprise or mislead defendant so as to prevent an amendment at the trial to correspond with the proofs.

Error to Leelanaw; Corbett, J. Submitted April 7, 1898. Decided April 19, 1898.

*Assumpsit* by Lars R. Sogge against Jacob Schwartz upon an account stated. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Pratt & Davis*, for appellant.

*C. L. Dayton* and *Patchin & Crotser*, for appellee.

MOORE, J. Plaintiff sued defendant, and declared on all the common counts in *assumpsit*. The bill of particulars was as follows:

"October, 1892. To amount found due upon a statement of account between the above-named plaintiff and the above-named defendant on settlement of the partnership dealings between the said plaintiff and the defendant and William C. Nelson, which amount, upon full settlement of said partnership account, was agreed to be paid by said defendant to said plaintiff, $1,000."

Testimony was given showing that plaintiff and defendant and one Nelson were partners; that defendant had one-half interest, plaintiff one-fourth, and Mr. Nelson one-fourth interest in the partnership. Testimony was then offered tending to show that a partial settlement of the partnership affairs was made in October, 1892, and that there was a full settlement in November. Objection was made to any testimony showing a settlement in November under the bill of particulars. This objection was overruled, but no exception was taken. It was shown that under this settlement there was due Mr. Sogge and Mr. Nelson from Mr. Schwartz $1,057. Defendant's attorney then entered upon a full cross-examination of the witness in relation to the partnership dealings. Testimony was taken which fills 20 pages of the printed record, when, for the first time, any objection was made to the testimony upon the ground that the amount proven upon the settlement differed from the amount stated in the bill

of particulars.    Counsel for defendant at this point moved
to strike out the testimony for that and other reasons.
Counsel stated that he claimed that, as a bill of particu-
lars had been furnished of an account stated, plaintiff
could not vary from the amount stated in the bill of par-
ticulars one cent more or one cent less.    The court then
overruled the motion, and said that the question might be
raised when the testimony for plaintiff was all in.

Other testimony was taken, going fully into the details
of the partnership and of the settlement.    The testimony
of the plaintiff was to the effect that, in a settlement made
between plaintiff and defendant and Mr. Nelson, there
was found to be due upon a settlement commenced in
October, 1892, and completed in November, $1,057 from
defendant to Mr. Nelson and Mr. Sogge, one-half of
which was to be paid to each of them by Mr. Schwartz.
When plaintiff rested his case, the defendant renewed his
motion to strike out the testimony of the plaintiff, and that
the judge direct a verdict for the defendant, for several
reasons, one of which was because the testimony did not
tend to prove the claim set forth in the bill of particulars.
The judge stated that he thought the objection to the
variance between the proofs and pleadings was well taken,
but suggested that the bill of particulars could be amended.
An exception was taken to the ruling of the court, and the
plaintiff asked to amend the bill of particulars so as to
state the amount due the plaintiff to be $528.50, instead of
$1,000.    Defendant objected to this, unless the case was
continued for the term, with costs to be taxed.    The coun-
sel for plaintiff said that he did not press his motion to
amend upon the terms required by the defendant, and that
he did not see how defendant was misled as to the
amount claimed to be due, as he had come in with his
papers and cross-examined the witnesses fully, and asked
for a ruling of the court upon the motion to strike out the
testimony and direct a verdict for defendant.    The court
replied:

"I think the rule is as I have stated it, that on an account stated the correct amount ought to be stated, and it remains with the defendant whether this matter will be closed up. If the objection is insisted upon, I think it is well taken."

Defendant insisted upon his objection, and the court directed a verdict in favor of defendant.

The sole question involved is, Was the bill of particulars sufficient? The record shows that the alleged settlement was made with defendant personally, and that, from then until the trial, the books and papers of the partnership were in his custody. In *Davis* v. *Freeman*, 10 Mich. 188, it is said:

"The office of a bill of particulars is to inform the opposite party of the cause or causes of action the party giving it intends to rely on at the trial, not specifically set out in the declaration, or notice accompanying the general issue."

In *Wright* v. *Dickinson*, 67 Mich. 580, the court said:

"A bill of particulars, in practice, is considered in some respects as an amplification of the declaration, but it is considered sufficient if it fairly apprise the opposite party of the nature of the claim, so that there can be no surprise. *Brown* v. *Williams*, 4 Wend. 360."

In *Freehling* v. *Ketchum*, 39 Mich. 299, it was said:

"The purpose of the rules in allowing bills of particulars to be demanded is to enable defendants to avoid surprise, and not to enable them to make vexatious requirements."

See, also, *Collins* v. *Beecher*, 45 Mich. 436.

In *Hamilton* v. *Ingham Circuit Judge*, 84 Mich. 393, it is said:

"In mentioning dates, it is not necessary that the exact date shall be given, but it may be stated as 'on or about a certain day,' and in that case the plaintiff is not restricted to proof of that special day. The question to be determined at the trial in each case is whether the proof is so variant from the date alleged as to mislead the opposite party."

In 1 Green, Prac. 512, it is said:

"But as the object of this strictness in a bill of particulars is that the defendant may know what will be attempted to be proved against him at the trial, and may prepare his evidence accordingly, a mistake in a particular not calculated to deceive or mislead him will not be regarded as material."

Testing the bill of particulars by these statements, can it be said that the defendant was misled? The bill of particulars is for an amount found due in October, 1892, upon a statement of account between the plaintiff and defendant on settlement of the partnership dealings between the plaintiff and defendant and William C. Nelson, which amount, upon full settlement of said partnership account, was agreed to be paid by said defendant to said plaintiff, $1,000. The proof was that a settlement of account was commenced in October and completed in November, when there was found due from the defendant to the plaintiff, upon a statement of account on settlement of the partnership dealings between the parties to this suit and Mr. Nelson, which amount, upon full settlement of said partnership account, was agreed to be paid by said defendant to said plaintiff, the sum of $528.50. We think it too technical to say that defendant was misled. The same settlement was referred to in the proofs that was referred to in the bill of particulars. The only difference was that in the bill of particulars the amount stated to be due the plaintiff from the defendant was $1,000, while the proofs showed that there was due but $528.50.

We think the court erred in his disposition of the case. Judgment is reversed, and new trial ordered.

The other Justices concurred.