TAYLOR *v.* ZIEM.[1]

1. SAVING QUESTIONS FOR REVIEW—EXCEPTIONS—NECESSITY.
  Error in overruling a motion for a new trial cannot be reviewed where no exceptions were taken to any of the reasons contained in the decision of the court denying the motion.

2. APPEAL AND ERROR—RECORD—VERITY—STATEMENTS OF TRIAL JUDGE.
  The statement of the trial judge as to whether he struck out certain evidence will be accepted as true, notwithstanding it contradicts the printed record, where such course will save to the plaintiff in error the benefit of his exception.

3. LIBEL AND SLANDER—EVIDENCE—SUFFICIENCY.
  In an action for libel, evidence examined, and *held,* not to connect plaintiff's failure to obtain employment as master of a certain vessel with the libelous letter written by defendant.

Error to Alpena; Emerick, J. Submitted October 16, 1906. (Docket No. 84.) Decided May 18, 1907.

Case by Robert G. Taylor against August W. Ziem for libel. There was judgment for plaintiff, and defendant brings error. Reversed.

*Collins & D'Aigle,* for appellant.

*L. G. Dafoe,* for appellee.

McALVAY, C. J. Plaintiff, a vessel master, recovered a judgment of $2,000 against defendant for libel. The libelous article was a letter written by defendant to Charles Chamberlain, a vessel owner and broker of Detroit. The defense was that the letter was privileged and its statements were true. It is not necessary to give the contents of this letter. If it was not a privileged communication, its statements were libelous. A motion for a new trial was made upon the ground that the verdict was excessive and not warranted by the evidence; that $1,500 of said verdict

---

[1] Rehearing pending.

allowed as injury to feelings was excessive, and not supported by the evidence; that there was no evidence of any damages to plaintiff's business or profession to submit to the jury; also on account of improper argument by plaintiff's counsel. This motion was denied, and reasons for such denial in writing were filed by the court.

The several errors assigned on account of the denial of this motion cannot be considered, for the reason that no exceptions were taken by defendant to any of the reasons contained in the decision of the court denying said motion.

During the trial of the case the court under the declaration limited plaintiff's recovery for general damages to loss of employment. At the close of plaintiff's case, counsel for defendant asked the court:

"That all the testimony relating to any letter received from McMorran and Boland as testified to by plaintiff and Gilchrist, also all testimony relating to this plaintiff not receiving the mastership of the boat Rounds, be stricken from the case, for the reason that they have not connected —they have not shown by any evidence in the case that his not securing the mastership of the Rounds was by reason of the writing of the letter complained of. And, also, the same reason for the others applies right through that they have not connected that testimony with this case.
" *The Court:* That is that they have not connected those results with the publication of this libel?"

To which counsel replied "Yes," and the court stated that he would consider the motion, denying it for the present and allowing an exception until it was finally decided. Defendant excepted. At the close of the testimony this motion was renewed, and the following occurred between court and counsel for defendant:

"*The Court:* The McMorran letters?
"*Mr. D'Aigle:* The McMorran letter.
"*The Court:* The Boland letter?
"*Mr. D'Aigle:* The Boland letter.
"*The Court:* And the Gilchrist Company letter?
"*Mr. D'Aigle:* Yes; and also all that part of his testimony relating to his not receiving the mastership of the Rounds.

"*The Court:* That goes and rests solely upon the letter. Have you any objection to that, Mr. Dafoe?

"*Mr. Dafoe* (Plaintiff's Attorney): No, your honor; I haven't the slightest.

"*The Court:* Well, it may be done."

The original bill of exceptions does not contain this last line, although the record shows that counsel for plaintiff in his brief and the court in his reasons for denying a new trial both quote it as part of what occurred. The court, however, says:

"I never intended to strike out this evidence so far as it might have a bearing upon his loss of a position upon the schooner Rounds. The stenographer's notes are, however, open to that construction."

We must accept this statement of the court, which leaves the defendant the benefit of his exception taken, which specifically included plaintiff's testimony relative to the vessel Rounds. The letters referred to were replies from vessel owners to letters written by plaintiff asking for employment, and were offered as tending to show damages to him on account of the letter complained of. It is admitted that they were properly stricken out. Mr. Chamberlain was the owner of the Rounds. He was the person who received this letter which is the foundation of this suit. Plaintiff testified that he applied to Chamberlain for employment and received a favorable reply, giving him to understand that he would place him in the schooner Rounds at $90 per month. Capt. Kunna corroborates this, saying plaintiff showed him the letter containing such statement. The letter was not produced. Plaintiff said he was not able to find it, although he had made diligent search. He did not get the position as master of the Rounds. On the part of plaintiff the deposition of Mr. Chamberlain was taken. It was not offered or used by plaintiff upon the trial, but was read in evidence by defendant. On direct examination by plaintiff's attorney he testified that he did not recall that plaintiff made application to be placed as captain (master) of

one of his vessels; that about June 1, 1903, after the receipt of this letter, he employed plaintiff to sail the schooner Belle Hanscomb for him. Cross-examined, he said his opinion of plaintiff was not changed a particle after the receipt of the letter, and plaintiff's reputation was not injured with him; that plaintiff sailed the Hanscomb the entire season. From this testimony it appears affirmatively that plaintiff lost no employment on the Rounds because of the letter written by defendant; that the letter as far as Chamberlain was concerned did not injure the plaintiff. There was no evidence in the case to connect the fact that plaintiff was not employed in the Rounds with this letter written by defendant. The motion to strike out all of plaintiff's testimony upon that question should have been granted.

We have examined the other errors relied upon, and find most of them without merit and none of them prejudicial.

For the error pointed out, the judgment of the circuit court is reversed, and a new trial ordered.

CARPENTER, GRANT, BLAIR, and MOORE, JJ., concurred.