MOFFET *v.* SEBASTIAN.

1. BILLS AND NOTES—JOINT NOTE—ACTION AGAINST JOINT MAKER —VERDICT—HARMLESS ERROR.

In an action by a maker of a joint note against his co-maker to recover his proportion of the amount paid thereon, plaintiff having made payments at different times, defendant is not injured by the trial court requiring the jury to state in their verdict the several sums allowed plaintiff and their dates and amounts.

2. PLEADING — BILLS OF PARTICULARS — PROOF — VARIANCE — EFFECT.

Where, in an action by a joint maker of a note against his co-maker, the bill of particulars charges that the joint obligation was discharged by the payment of the entire amount due, recovery by plaintiff of advances consisting in part of money and in part of property made under a compromise agreement whereby the holder of the joint obligation accepted less than its face value, cannot be complained of by defendant, being favorable to him.

3. SAVING QUESTIONS FOR REVIEW—DENIAL OF NEW TRIAL—NE-CESSITY OF EXCEPTION.

Error in denying a motion for a new trial cannot be reviewed in the absence of an exception to such denial.

4. APPEAL AND ERROR—NECESSITY OF ASSIGNMENTS.

Errors unsupported by assignments of error cannot be reviewed.

Error to Berrien; Coolidge, J. Submitted June 11, 1907. (Docket No. 67.) Decided September 20, 1907.

Assumpsit by A. H. Moffet against John Sebastian for his proportion of a joint promissory note. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Humphrey S. Gray,* for appellant.

*Lawrence C. Fyfe* and *Waters & Waters,* for appellee.

CARPENTER, J.   In 1887 the parties to this suit made a joint purchase of stock in a Kansas land company. They raised the money for this investment by giving a joint note for five thousand dollars.   Plaintiff claims that he paid this note; and he brings, this suit to recover the amount thereof justly chargeable to defendant.   He obtained a verdict and judgment in the circuit court.

Defendant asks us to reverse that judgment for several reasons:

*First.*   He contends that the tria. court erred in requiring the jury to state in their verdict tho several items allowed plaintiff; their dates and amounts.   (Plaintiff discharged the notes by payments at different times.)   If this was error, it was not reversible error; for it did not injure defendant.

*Second.*   Included in the amount recovered were certain advances—consisting in part of money and in part of property—made under a compromise agreement whereby the holder of the joint obligation accepted less than its face value.   The contention is now made that none of these advances could be recovered because they were not specified in plaintiff's bill of particulars.   It is charged in the bill of particulars that the joint obligation was discharged by the payment of the entire amount due.   It thus appears that the bill of particulars overstates the amount advanced by plaintiff for defendant and does not state that part of that amount was in property and not in money.

The complaint of defendant requires us to consider only one of these discrepancies, viz., the statement in the bill of particulars that plaintiff paid an amount larger than he actually did pay.   This difference was favorable to defendant, and he cannot complain of the variance.   *Collins* v. *Beecher*, 45 Mich. 436.

*Third.*   It is contended that defendant did not authorize the making of the compromise agreement under which the advances just mentioned were made.   It is sufficient to say that this was a question which the court properly

submitted to the jury; for there was evidence tending to prove that defendant did authorize the making of said agreement.

*Fourth.* It is contended that the court erred in denying defendant's motion for a new trial. No exception was taken to this denial and we cannot consider it. *Pearl* v. *Township of Benton,* 136 Mich. 697.

*Fifth.* Other errors are alleged. Some of them are based on no assignment of error; some of them are based on an erroneous construction of the court's charge. None of them are meritorious.

Judgment affirmed.

MCALVAY, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.