BENNETT *v.* MAURICE.

1. PLEADING—BILL OF PARTICULARS—VARIANCE.

In an action for money loaned to defendant, a variance of a few days between the dates named in the bill of particulars and the dates shown by plaintiff's testimony, was not fatal to plaintiff's claim, where no objection was made to the admissibility of the evidence, and no opportunity given to amend the bill of particulars, and where no claim was made that defendant's attorney was surprised or misled.

2. DAMAGES — TRIAL — AMOUNT OF VERDICT — INSTRUCTIONS TO JURY.

It was not error for the court to instruct the jury that if the plaintiff, by a preponderance of the evidence, had convinced them of the truth of his claim that he had loaned defendant at one time $2,000 and at another $8,500, and that he had subsequently agreed to accept a room in defendant's house during his life and $7,000 in full satisfaction, then he was entitled to recover the $7,000 and interest, and such instruction did not amount to the direction of a verdict.

Error to Wayne; Murphy, J. Submitted June 7, 1910. (Docket No. 23.) Decided July 14, 1910.

Assumpsit by Charles D. Bennett, executor of the last will and testament of Alvin S. Clark, deceased, against

Grace Mary Maurice upon an account stated. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Charles Flowers,* for appellant.

*Harry M. Lau* and *George M. Sayles,* for appellee.

BIRD, C. J.   Plaintiff brought suit against the defendant in the Wayne circuit court and declared upon all the common counts in assumpsit, and filed a bill of particulars of his claim in compliance with defendant's demand, the items of which were as follows:

"September 21, 1903, to cash loaned to defendant, $2,000.
"January 6, 1906, to cash loaned to defendant, $8,500."

It was the claim of plaintiff that he had loaned these amounts to defendant to enable her to purchase certain real estate in the city of Detroit.   The real estate was purchased by her upon a contract, and the $2,000 loaned in 1903 was to enable her to make the first payment thereon, and the $8,500, loaned on January 6, 1906, was to enable her to make the final payment on the contract and get her deed.   The deed was made January 9, 1906, and placed of record the following day.   The defendant was desirous of obtaining a loan to make certain repairs and improvements upon the property, and the plaintiff gave this as a reason why he took no security for the loan.   He also gave as a reason that he was well acquainted with her and had confidence in her honesty.   The investment did not turn out as well as expected, and there was talk between them of making a sale of it.   The plaintiff at that time agreed to accept $7,000 and the use of a room in defendant's house for the rest of his life in payment of the loan.   The defendant denied that she owed plaintiff these sums or any sum, and denied that she ever borrowed any money from the plaintiff, save in some small amounts to pay her current expenses.   The jury returned a verdict for plaintiff for $7,525.

The defendant's counsel assigns error upon the refusal of the court to instruct the jury in accordance with following request:

"That they would have to find that the moneys were loaned at the times specified in the bill of particulars, as testified to by plaintiff."

The court refused to give this request and we think properly so. To say that, because plaintiff's testimony disclosed a variance of a few days from the date named in the bill of particulars, he should fail in this action, would be laying down a rule stricter than the law demands. In 1 Green's New Practice (2d Ed.), p. 512. It is said:

"But as the object of this strictness in a bill of particulars is that the defendant may know what will be attempted to be proved against him at the trial and may prepare his evidence accordingly, a mistake in a particular not calculated to deceive or mislead him will not be regarded as material."

In *Sogge* v. *Schwartz*, 116 Mich. 635 (74 N. W. 1000), an error was made in both the date and amount named in the bill of particulars, but this court held that, inasmuch as the defendant was neither surprised nor misled, the variance should be disregarded. If there were any variance in point of time between the dates named in the bill of particulars and plaintiff's testimony, counsel for defendant should have objected to its admission when offered or subsequently moved to strike it out, at which time plaintiff's counsel could have applied for, and secured, an amendment, if the variance was regarded material by the court. This not having been done and there being no claim upon the part of defendant's counsel that he was surprised or misled on account of the variance, we think the court was not in error in refusing to give the request.

Error is also assigned upon that part of the charge wherein the court instructed the jury that—

"If the plaintiff, by a preponderance of the evidence, has convinced you of the truth of his claim, then he is entitled to a verdict at your hands in the sum of $7,000, plus interest at the rate of 5 per cent. per annum, which is stipulated here to be the sum of $525."

Counsel contends that this instruction was "in effect a direction of a verdict; that if they found for plaintiff it left nothing for them to decide." In other words, if the jury found that the plaintiff was entitled to recover, the amount of the verdict was foreclosed by the court. We do not so view it. It was the claim of plaintiff that he had loaned the defendant the two sums of money, and that subsequently he had agreed to accept $7,000 in payment of them. The court left it to the jury to say whether this claim was established by a preponderance of the evidence. If it was, it would necessarily follow that the plaintiff would be entitled to a verdict of $7,000, plus the interest. The jury could not well be convinced of the truth of plaintiff's claim and then award him less than $7,000, plus the interest, because that was his claim. If the jury believed the truth of his claim, there would be no basis upon which they could render any other verdict.

The issues were all issues of fact, and we think they were fully and fairly submitted to the jury.

The judgment is affirmed.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.