*In re* MEEKER'S ESTATE.

PARTRIDGE *v.* MEEKER.

1. ESTATES OF DECEDENTS—EVIDENCE—CLAIMS.

Testimony that deceased paid about $2,500 in claims against a partnership of which he was a member was inadmissible on the trial of a claim presented against his estate.

2. SAME—WITNESSES—STATUTES—WAIVER.

Incompetent testimony of claimant's agent, equally within the knowledge of deceased, as to conversations with decedent, was not rendered competent by waiver because witnesses in behalf of the estate testified to the substance of the conversations.

3. APPEAL AND ERROR—EXCEPTION—NEW TRIAL—MOTIONS—SAVING QUESTIONS FOR REVIEW.

The denial of a motion for a new trial, based on the alleged ground that the verdict was against the weight of the evidence, is not reviewable on error upon a record that shows no exception to such denial.

Error to Eaton; Smith, J. Submitted November 20, 1911. (Docket No. 144.) Decided March 29, 1912.

Carrie W. Partridge presented a claim against the estate of Honnee W. Meeker, deceased, for wood sold by a firm of which he was a member on behalf of claimant, and it was disallowed by the commissioners on claims. Claimant appealed to the circuit court. Judgment for defendant, claimant brings error. Reversed.

*Rosslyn L. Sowers*, for appellant.

*Garry C. Fox*, for appellee.

McALVAY, J. From a disallowance by the commissioners on claims of her claim against the estate of Honnee W. Meeker, deceased, claimant took an appeal to the

circuit court for Eaton county, which was allowed by the probate court. This appeal was tried before the circuit court with a jury, and resulted in a verdict against the claimant, upon which a judgment was entered. Claimant has brought the case to this court for review upon a writ of error.

Claimant is the owner of certain land in Eaton county upon which some timber was growing, which she caused to be cut and marketed. She was a resident of the city of Detroit. Samuel W. Wills, of Battle Creek, acted as her agent in marketing this wood. E. R. Cross, of Battle Creek, was at the time engaged in running a woodyard in connection with his lumber and coal business at that place, and by agreement with Wills certain wood of plaintiff was delivered to him and sold by him on commission. Afterwards, on or about April 15, 1905, Honnee W. Meeker, deceased, purchased a one-half interest in this business of Mr. Cross, and it was thereafter conducted by the firm of Cross and Meeker, as an equal partnership. At this time there were several hundred cords of claimant's wood in the yard. It is claimed by plaintiff, supported by the testimony of Mr. Cross, that the copartnership continued to sell her wood on the same terms and conditions, and made payments on account by the firm checks. Later Meeker filed a bill to dissolve the copartnership and for an accounting, and a receiver was appointed. That suit is still pending. This claim was duly filed with the receiver in that case.

Claimant's evidence further tended to show by the testimony of Mr. Cross that 55 or 60 cords of her wood (evidently stove wood) was sold by this firm. The books of original entry of these transactions of the firm were introduced in evidence, from which the same witness identified frequent sales of the wood between April 15, 1905, and October 28, 1905. The evidence tends to show that the order books were looked over with Mr. Wills when payments were made, and that two checks to him, introduced in evidence, were made by the firm, signed by both of

the partners, as was always their custom. The wood left in the yard at the time the firm suspended business was taken back by claimant's agent, Wills.

The claim in this case is for $57\frac{5}{16}$ cords of wood at $2.60 per cord, upon which is credited two payments—$15 April 26, 1905, and $20 May 9, 1905, being the amounts and dates of the checks in evidence. The claimed balance with interest is $139.56. It is admitted on the part of the estate that:

"If the firm at any time made such a contract and received the benefits therefrom as testified by Cross, then Cross & Meeker were liable, or, at the option of claimant, the estate of Meeker, deceased, was liable."

The issue of fact therefore was whether the firm disposed of certain of claimant's wood for which payment has not been made. On the part of the estate testimony was introduced tending to show that Mr. Cross, before the commission, did not testify that the firm had agreed to pay for this wood that it sold, and also that at the same time claims were presented to the receiver. Meeker stated that this was not a proper claim against the partnership, and at that time in the presence of Cross and Wills no one claimed that the firm had agreed to pay for this wood.

The errors assigned and relied upon relate to the rulings of the court upon the admission and exclusion of testimony, and the refusal to grant a new trial.

It is contended that the court was in error in permitting the widow of decedent, the administratrix, over objection, to answer the question:

"Do you know about the approximate amount of claims which he paid that you were owing to the firm of Cross & Meeker, including what you paid?

"*A.* Between $2,000 and $2,500.

The objection that this was immaterial and irrelevant was well taken. No claim was made that any of the amount here involved had been paid. The amount of other claims was not in issue. The testimony was clearly prejudicial

169 MICH.—20.

to appellant, and could have no other effect upon the jury. It was error to receive this testimony.

The court allowed the testimony, in behalf of the estate, of third persons, including the administratrix and her son, as to conversations had between claimant's agent and deceased relative to the transaction in dispute. Later the agent, whose testimony as to matters equally within the knowledge of deceased had, on objection, already been excluded, was again offered to testify as to such matters upon the ground that the inhibition of the statute had been waived by the estate. This was excluded upon objection by counsel for the estate. This court has held repeatedly that third persons are competent to testify as to what passed between the parties, one of whom is dead. *Taylor* v. *Bunker*, 68 Mich. 258 (36 N. W. 66), and cases digested; *Michels* v. *Western Underwriters Ass'n*, 129 Mich., at page 422 (89 N. W. 56). This testimony of claimant's agent was properly excluded.

Error is assigned upon the refusal of the court to grant a new trial on the ground that the verdict was against the weight of the evidence. If an exception to this denial was taken, it does not appear in the record, and therefore we cannot consider this complaint, however meritorious it may have been. *Stevenson* v. *Railway Co.*, 118 Mich. 651 (77 N. W. 247); *Pearl* v. *Township of Benton*, 136 Mich. 697 (100 N. W. 188); *Moffet* v. *Sebastian*, 149 Mich. 451 (112 N. W. 1120).

For the error pointed out the judgment is reversed, and a new trial ordered.

Moore, C. J., and Steere, Brooke, and Ostrander, JJ., concurred.