KAHN *v.* MINTHORN.

1. GARNISHMENT—ASSIGNMENT—TRIAL—INSTRUCTIONS.

Where the court received evidence in garnishment proceedings that an intervening claimant of a fund took an assignment as security only, and later charged the jury that it must be considered as an absolute assignment, any possible prejudicial error was cured.

2. APPEAL AND ERROR—EVIDENCE—REVIEW.

An objection to testimony that was not raised on trial or presented to the trial court cannot be considered on error.

3. GARNISHMENT—FRAUDULENT CONVEYANCES—ASSIGNMENTS.

And it is *held,* that there was evidence to go to the jury on the question whether claimant took an assignment of the garnished indebtedness after commencement of the suit.

4. SAME—ESTOPPEL—BURDEN OF PROOF.

Where the issue in garnishment was between the plaintiff and a claimant of the fund, and it was tried in the circuit court on the theory that the claimant had the burden of proof, and the court charged that fraud must not be presumed and must be proved by evidence that satisfied the jury of fraudulent intent, etc., no requests to charge as to the burden of proof being presented by claimant, he is estopped to take a contrary position in this court.

5. APPEAL AND ERROR—NEW TRIAL—MOTIONS—EXCEPTIONS.

Neither a motion for new trial nor a motion to amend the judgment is reviewable without taking exception to the action of the trial court.

Error to Alcona; Connine, J. Submitted April 10, 1913. (Docket No. 25.) Decided January 5, 1914.

Garnishment in justice's court by Joseph J. Kahn against Joshua Minthorn, principal defendant, and Rogers Bros., garnishee defendant. John Sloan intervened as party claimant. From a judgment for the claimant, plaintiff appealed to the circuit court.

Judgment for plaintiff and said intervener brings error. Affirmed.

*Newton & Stearns (O. H. Smith,* of counsel), for appellant.

*John Kilmaster,* for appellee.

MCALVAY, C. J.   Plaintiff, on October 13, 1910, in justice's court, commenced suit by attachment against the principal defendant, Joshua Minthorn, upon a certain judgment, and summoned Rogers Bros., a corporation, as garnishee defendant, which, on October 20, 1910, disclosed an indebtedness of $157.41 due the principal defendant under a contract made with him for a crop of peas grown, harvested, and delivered by him to such garnishee defendant.   On October 31st following, intervener, John Sloan, served a notice on the garnishee defendant, as follows:

"I hereby notify you that by written assignment made on or about the 30th day of September, A. D. 1910, that I have acquired the interest of Joshua Minthorn in a certain contract made between you and said Joshua Minthorn for the growing of peas in the township of Mikado in Alcona county.'

Which on the following day the garnishee defendant sent by mail to the justice, who thereupon under the statute notified John Sloan to appear and defend his said claim before his court on December 1, 1910. This notice was duly served November 17, 1910.   On December 1st the parties appeared before the justice, and issue was joined between the plaintiff and claimant John Sloan, who, with his plea of the general issue, gave notice of an assignment of the funds in the hands of garnishee defendant from the principal defendant, Joshua Minthorn, to him, and plaintiff also gave notice that such assignment was void because made subsequently to the service of summons on the garnishee defendant.   The garnishee defendant,

under the statute, paid the fund in its hands into justice's court and the case proceeded to a trial between the plaintiff and Sloan, the claimant. From a judgment rendered in the justice's court an appeal was taken to the circuit court for Alcona county and tried upon the same issue joined in justice's court between Kahn and Sloan and resulted in a judgment in favor of plaintiff Kahn that he recover the amount of the fund in the hands of the justice paid into court by the garnishee defendant, together with costs of suit to be taxed. Before the case was submitted to the jury, a motion was made by the claimant Sloan for a directed verdict, which was denied. Later, on motion of plaintiff, objected to by claimant, this judgment was amended permitting him to recover such costs from John Sloan, intervening defendant, to be taxed, and that he have execution therefor against him. Claimant Sloan made a motion for a new trial. This motion was denied, and error is assigned upon such denial. The intervening defendant and claimant Sloan has removed the case to this court for review.

The errors which he has assigned and relies upon in his brief which will be considered relate:

(1) To the admission of certain testimony; (2) to the refusal of the court to direct a verdict in his behalf; and (3) to portions of the charge of the court.

No question is raised in the record or in appellant's brief attacking the validity of plaintiff's judgment against principal defendant Joshua Minthorn, nor as to the regularity of any of the proceedings had in justice's court in garnishment, or as to the sufficiency of the pleadings of the parties thereto. The case was tried in the circuit court before a jury upon the same pleadings and issue as in justice's court. The record shows that the claimant and intervener, Sloan, was represented upon the trial by the counsel who represent him in this court, who assumed of their own accord the affirmative of the issue there presented, and

as for a plaintiff introduced all of the evidence for and on behalf of said claimant and rested his case. The record further shows that after claimant's witnesses had testified plaintiff Kahn, who was also represented by the same attorney who represents him in this court, introduced the testimony on his part, as if he were a defendant.

The appellant has, in his printed record, made it appear that this was intended to be the relation of these parties to the issue by placing in the index before the names of the witnesses for claimant, "Plaintiff's (intervening defendant) witnesses," and before the name of the witnesses of the opposite party, "Defendant's (plaintiff in original suit) witnesses." That this was the understanding of the parties and so accepted by the trial court appears distinctly from the charge given to the jury wherein it is repeatedly stated that the plaintiff is John Sloan and the defendant is Joseph Kahn.

We have thought it proper to give the foregoing statement of the attitude of the parties as to the issue during the trial, as bearing upon a contention of appellant relative to the question of the burden of proof in the case.

We will first consider the errors assigned upon the reception of certain testimony. Two of these assignments relate to questions asked claimant Sloan on his cross-examination bearing upon the proposition whether the assignment from Minthorn of the amount due him from Rogers Bros. was taken as payment in full for the amount due him or as security. When these questions were asked and allowed in evidence, the attorney for Mr. Kahn was undertaking to show that the assignment made to Sloan was given as security and, not having been filed, was void as against creditors. Later, at the close of the case, before it was given to the jury, the question was again discussed, and the court stated that he would not submit

the question of security to the jury, but would submit the case solely upon the question of assignment. The court so charged the jury. This, in effect, struck out all of the testimony introduced upon that question, and no request was tendered by appellant for a specific instruction that it be disregarded by the jury. If any error was committed, it was cured by taking such testimony from the consideration of the jury. *Barnett* v. *Insurance Co.*, 115 Mich. 247-254 (73 N. W. 372).

The two other errors assigned upon the admission of testimony relate to statements made by defendant Minthorn long after the date of the claimed assignment to an attorney, in the presence of a witness, relative to a disposition of the peas by some scheme to save them for him, and is claimed as affirmative proof. This occurred upon the examination of this witness, and it is claimed to be material as bearing upon the question as to when the assignment was made, showing how Minthorn treated this property. The objection to these questions made at the time were that they were leading, and the testimony overheard while Minthorn was in conversation with his attorney was privileged. The objections now made are that the conversation was not in the presence of Sloan, and, further, that no collusion had yet been shown to have existed between them. The record shows that no exception was taken to the ruling of the court on one of these questions; but whether an exception was taken or not is immaterial, for the reason that an objection to evidence not stated on the trial cannot be made for the first time in this court. *Weeks* v. *Hutchinson*, 135 Mich. 160, 162 (97 N. W. 695), and cases cited.

. Error is assigned upon the refusal of the court to direct a verdict in appellant's behalf at the close of the testimony in the case upon the ground that there was no evidence in the case disputing claimant's proof

to be submitted to the jury. This requires a consideration of all the evidence in the case, a brief résumé of which shows that the dispute in this case is entirely between Kahn, a judgment creditor of Joshua Minthorn, and claimant John Sloan, assignee of the same party; Kahn having by garnishment served on Rogers Bros. on October 14, 1910, tied up certain moneys in its hands belonging to Minthorn, and Sloan claiming such fund by assignment from Minthorn claimed to have been made to him prior to the commencement of the garnishment proceedings. The claimed assignment reads as follows:

"This agreement made this 15th day of September, A. D. 1910, by and between Joshua Minthorn, of Mikado, Michigan, of the first part, and John Sloan, of the same place, of the second part, witnesseth: Said party of the first part covenants and agrees to and with the said party of the second part to grant, bargain, sell, assign, transfer and set over and by these presents does grant, bargain, sell, assign, transfer and set over unto the said party of the second part all his interest to monies which may be due him from Rogers Bros. in 1910, by virtue of a certain contract made between the party of the first part and Rogers Bros. wherein said party of the first part agreed to grow a crop of peas for said Rogers Bros. of Alpena. Said crop of peas now harvested and in barn on the farm now occupied by said party of the first part. This assignment made by party of the first part to party of the second part to pay wages due him and money borrowed, etc.

                    [Signed] "JOSHUA MINTHORN.
                             "JOHN SLOAN.
"Dated September 15, 1910."

The first notice of any claim by Mr. Sloan of an assignment from Minthorn to any person connected with this case was given to the garnishee defendant on October 13, 1910, as follows:

"I hereby notify you that by written assignment made on or about the 30th day of September, A. D. 1910, that I have acquired the interest of Joshua

Minthorn in a certain contract made between you and said Joshua Minthorn for the growing of peas in the township of Mikado, Alcona county.

[Signed] "JOHN SLOAN"—by his attorney.

This was followed up by a letter the next day containing a copy of the foregoing assignment.

The record also shows that claimant Sloan never took possession of the peas and knew when Minthorn shipped them to the garnishee defendant at Alpena, and, also, that on the date of the claimed assignment they were in the Minthorn barn unthreshed. He claimed no right to this fund except such as arose from this assignment. He claims that the record shows that this fund belonged to Mrs. Minthorn, the owner of the title to the Minthorn farm, and that the court misconceived the facts and the law.

The contention of the other side is that the record contains evidence tending to show that this assignment was an afterthought, to defeat the garnishment proceedings, and therefore fraudulent, and that a fair inference from the acts of the two parties and the testimony tends to show that it was in fact made some time after the garnishment process was served; that the record is undisputed that Sloan claimed the fund only as assignee of Joshua Minthorn, and such could be the only claim under the issue joined. From our examination of the evidence in the case, we cannot say as a matter of law that there was no evidence in the case tending to support the contention of Kahn that this assignment in fact was made to Sloan after the garnishment proceedings, and we agree that, under the only issue tendered by Sloan and joined in the case and upon which it was tried, he could not claim title through any other source than Joshua Minthorn. The court therefore was not in error in refusing to direct a verdict in favor of claimant Sloan.

There are several paragraphs of the charge of the court excepted to by claimant Sloan upon which

errors are assigned, all but two of which do not require extended consideration. As indicated already, in this opinion, the trial court submitted the case to the jury upon the single question of priority between these two creditors of Joshua Minthorn, and upon that view of the case, which in our opinion was the only issue of fact to be submitted to the jury, the court committed no error in the paragraphs of the charge upon that question as given to the jury. Two of the assignments of error refer to the question upon which party to the issue the burden of proof rested. The court charged that such burden, as to everything except the claim of fraud, was upon the claimant Sloan, saying, among other things:

"The burden of proof, however, gentlemen, in the case, as to everything except the claim of fraud, is on Mr. Sloan, the plaintiff, and he must prove by a fair preponderance of the evidence that his claim is prior in time to that of Mr. Kahn. He must prove that the fund was assigned to him before Mr. Kahn's garnishment tied it up on the 14th of October, and he must prove these claims by a fair preponderance of the evidence."

And he further charged upon this question relative to when the assignment was made, delivered, and took effect that if the evidence was evenly balanced the verdict would be in favor of Mr. Kahn These excerpts are taken from a single paragraph in the charge which should be read in connection with what immediately preceded relative to fraud, the last sentence of which reads:

"Now, fraud is not presumed; it must be proved by evidence that satisfies you that a fraudulent intent existed and a fraudulent act followed the intent."

As already appears, both parties to this litigation presented the case, and the court accepted it, and the case was tried upon the theory that claimant Sloan had the affirmative of the issue and throughout the

entire record, by court and counsel, was considered as a plaintiff. This record shows this case was tried, argued, and submitted to the jury upon that theory. Claimant Sloan made no objection or protest to the form of the charge which repeatedly designates him as plaintiff and Kahn as defendant to the issue in the case, and preferred no request to the court upon that question or any other question in the case, and, having so put himself upon the record and taken that attitude upon the trial, he is estopped from claiming that the court erred in charging the familiar rule as to the burden of proof being upon the plaintiff in a disputed issue of fact.

The record contains another assignment of error, with numerous subdivisions, charging error on the part of the trial court in denying a new trial. The record shows that the motion for a new trial was made, heard, and denied, and the reasons for such denial were given in writing. We do not find any exceptions to such findings in the record. The same is true relative to the error assigned upon the permission given by the court on motion of plaintiff to amend judgment so as to make the intervening defendant, Sloan, liable for costs. This court therefore will not consider such assignments of error. *Taylor* v. *Ziem,* 148 Mich. 329 (111 N. W. 1076) ; *Moffet* v. *Sebastian,* 149 Mich. 451-453 (112 N. W. 1120).

We find no reversible error in the case.

The judgment is affirmed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.