## GEORGE v. MEYERS.

(Circuit Court of Appeals, Ninth Circuit. May 7, 1917.)

No. 2805.

1. ASSIGNMENTS ⚖➔132—ACTION ON ASSIGNED CLAIM—ISSUES, PROOF, AND VARIANCE.

In an action on an assigned claim, cross-examination to show that plaintiff was not the real party in interest was properly excluded, where such matter was not set up in the answer.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 227, 228.]

2. WITNESSES ⚖➔275(5)—CROSS-EXAMINATION—LIMITATION BY DIRECT EXAMINATION.

In an action for services and for rent, where plaintiff on her direct examination testified concerning entries in a book by her husband, but confined her testimony to the work account, and the part of the book containing the rental account was not in evidence, and she was not questioned concerning such entries, a question, asked her on cross-examination, as to whether her husband wrote down in the book about the rent, was properly excluded.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 971.]

3. WITNESSES ⚖➔230—EXAMINATION—IGNORANCE OF LANGUAGE—READING DOCUMENTARY EVIDENCE.

Where an Assyrian witness, who identified a page of an account book and testified that it was in his writing, stated that he could not translate the writing from Assyrian to English, the court properly refused to require him to read it the best he could, especially where the court and the jury had difficulty in understanding his testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 811, 812.]

4. WITNESSES ⚖➔287(1)—EXAMINATION—MEANING OF WITNESS.

Where an Assyrian witness had great difficulty in making himself understood, it was not error to permit a question on redirect examination as to what he meant by the word "settling," and whether he meant that they paid afterwards, or whether anything more was said about settling.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 930, 1000.]

5. WITNESSES ⚖➔388(2)—IMPEACHMENT—CONTRADICTORY STATEMENTS—LAYING FOUNDATION.

A question asked a witness as to whether, in a proceeding in the commissioner's court, another witness was not asked about a certain matter, was properly excluded, where the latter had testified, but no foundation for impeaching him had been laid by questioning him as to any statement before the commissioner.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1233.]

6. WITNESSES ⚖➔280—CROSS-EXAMINATION—ARGUMENTATIVE QUESTIONS.

Defendant in his cross-examination claimed to be unable to recall a date, whereupon plaintiff's counsel asked him if two of plaintiff's children were burned at the time of such fire, and whether "that didn't make any impression on your mind, so that you can tell this jury when that happened—those two children and lots of the goods in the building lost, and still you don't remember when that fire occurred." The question was objected to as argumentative. Held, that there was no abuse of discretion in allowing counsel to call to the mind of the witness a circumstance from which the jury might infer that the witness was not testifying accurately in stating that he could not recall the date.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 988, 990–993.]

⚖➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

Action by Mrs. George Meyers against Michael George. Judgment for plaintiff, and defendant brings error. Affirmed.

Gunnison & Robertson, of Juneau, Alaska, for plaintiff in error.
Cheney & Ziegler, of Juneau, Alaska, for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Mrs. George Meyers brought action against Michael George, stating two causes of action: One for services rendered; the other for rental of a store building occupied and used jointly by Mrs. Meyer's husband and the defendant, George. Plaintiff alleged that Meyers for good and valuable consideration assigned and transferred to her the demand for rental, and that she was at the time of the institution of the action the lawful owner and holder of the claim. The defendant filed a general denial, and made counterclaim for money loaned by him to plaintiff. The jury rendered a general verdict in favor of plaintiff for $418.35. Judgment was entered upon the verdict, new trial was denied, and the defendant George sued out a writ of error.

[1] Mrs. Meyers testified to the effect that her husband had assigned to her the rental account involved in the second cause of action. Upon cross-examination she was asked how much she paid her husband for the account. Counsel for plaintiff below objected, upon the ground that defendant had raised no question about there being an assignment, and that it was not necessary that Mrs. Meyers should have paid her husband anything, the account having been assigned for the purpose of collection in this suit. The court sustained the objection.

Meyers, the husband, testified that he had no interest in the case, financially or in any way, and that, if Mrs. Meyers obtained judgment, no part of the money would come to him. If the purpose of the cross-examination was to show that Mrs. Meyers was not the real party in interest, the answer should have set up such matter. Pomeroy's Code Remedies, §§ 131 and 711; 5 C. J. p. 994 et seq. In Haviland v. Johnson, 70 Or. 83, 139 Pac. 720, the Supreme Court of Oregon held that an assignment of a claim for the purpose of collection is based upon a valuable consideration and is sufficient, that a defendant is not to be prevented from making any defense that he could have made had the action been brought by the assignor in his own name, and that where the assignor is a witness in the case he is bound by the judgment.

[2] After Mrs. Meyers testified on her direct examination concerning rental payments and entries by her husband in a book, she was asked on cross-examination this question:

"About the rent in there, did your husband write down in this book about the rent, too?"

Plaintiff objected, upon the ground that the witness had not testified to the book about the rent due to Meyers, but had confined her testimony to the work account, which she said her husband wrote down for the defendant George and her. The court sustained the objection. The court did not err, because it does not appear that, when the ques-

tion was asked, that part of the book which contained the rental account involved in the second cause of action was in evidence, or that the witness had been questioned concerning the rental entries in her direct examination.

[3] Error is assigned because the court refused to permit the witness George Meyers (who was an Assyrian) to comply with a direction of the defendant's counsel to the witness to read a certain writing in a book of account then in evidence. The witness stated that he could not read it. Thereupon defendant's counsel said, "Do the best you can, George." Witness replied interrogatively, "Read it in English?" Question, "Yes; I cannot understand Assyrian." Plaintiff's counsel objected, and the court sustained the objection, for the reason that the matter was immaterial and irrelevant at that time, because all that the witness had done was to identify the page and to say that it was his writing. In view of the statement of the witness that he could not translate the writing from Assyrian to English, and of a previous statement by the judge to the effect that, unless the jury and court could understand the testimony of the witness better than they seemed to be understanding it, an interpreter would have to be called, there was no error in the ruling. Afterwards, by direction of the court an interpreter was sworn.

[4] It is argued that the court erred in permitting a witness, an Assyrian, Louis Saloum, to answer on redirect examination this question:

"Now, what I want to get at—what do you mean by the word 'settling'? Do you mean they pay afterwards? Was there anything more said about them settling?"

As it is very plain from the record that the witness had great difficulty in making himself understood, the court was right in permitting the question, in order to help make clear the meaning of the witness.

[5] The witness Saloum, having testified to certain matters which had transpired in a proceeding in the commissioner's court, was asked on cross-examination herein if it was not a fact that in the proceedings in the commissioner's court George Meyers was asked whether or not Mike George owed him any money. In view of the fact that George Meyers himself had been a witness before Saloum was called, if counsel desired to impeach Meyers, he should have laid the foundation by interrogating Meyers himself as to any statement before the commissioner. We find no error in the ruling that the question was not proper.

[6] The defendant, George, on cross-examination, among other things, in order to fix a date, referred to a fire as having occurred in 1909 or 1910. Counsel for plaintiff then asked:

"Q. And at the time of that fire there were two of her children burned up?" (meaning two of Mrs. Meyer's children).

Witness answered:

"Yes, sir."

Thereupon counsel for defendant objected to the question as immaterial. This question was then asked:

"And that didn't make any impression on your mind, so that you can tell this jury when that happened—those two children and lots of the goods in the building lost, and still you don't remember when that fire occurred?"

Objection was made on the ground that the question was argumentative. The court permitted the question, and thereupon defendant testified as to the date of certain events and to other matters. There was no error in the ruling of the court, because, on the cross-examination of Mrs. Meyers, defendant's counsel himself endeavored to fix a date by directing the attention of the witness to the time when the particular house burned down; the event having become important in fixing the time as to certain items of the accounts involved. We perceive no abuse of discretion in allowing counsel on cross-examination to call to the mind of the witness a circumstance from which the jury might reasonably infer that the witness was not testifying accurately in stating that he could not recall the date.

We find no error in the case. Judgment is affirmed.