[No. 5025.   Decided December 20, 1904.]

SIMON SWENSON *et al., Respondents,* v. GEORGE A. STOLTZ *et al., Appellants.*[1]

NEGOTIABLE INSTRUMENTS — INDORSEMENT — GUARANTY — ORAL GUARANTY FOR VALUE, NOT AFFECTED BY WANT OF INDORSEMENT. The negotiable instrument law of 1899, p. 347, §§ 30, 31, and 49, providing for negotiation by indorsement, does not affect an oral guaranty made by the payee in transferring a promissory note without indorsing the same since § 49 vests the title in the transferee without indorsement and the guaranty is an original obligation independently of the note, raising no question between the maker and the holder of the note.

NEGOTIABLE INSTRUMENTS—FRAUDS, STATUTE OF—ORAL GUARANTY. The oral guaranty of a promissory note, made by the payee upon negotiating the same for value received, is not within the statute of frauds, and is a binding contract independently of the note.

SAME—STATUTE LIMITING LIABILITY TO PERSONS WHOSE SIGNATURES APPEAR ON INSTRUMENT. Section 18 of the negotiable instrument law (Laws 1899, p. 347) limiting liability to persons whose signatures appear upon the instrument, and intended to operate as a statute of frauds, has no application to oral guaranties made by the payee upon transferring a note for value received, since that is an original and absolute obligation, to which the note is merely incidental and collateral.

COMMUNITY PROPERTY — LIABILITY—JUDGMENT—CONFORMITY TO VERDICT—ORAL GUARANTY OF HUSBAND—VERDICT AGAINST HUSBAND—FAILURE TO FIND LIABILITY OF COMMUNITY. In an action against a husband and wife upon the oral guaranty of the husband, made by him upon transferring a note for value received, in which action recovery is sought against the husband personally and against the property of the community, and the only question submitted to the jury was the personal liability of the husband, upon which they returned a verdict against the husband without passing upon the community liability, it is error to enter judgment upon the verdict against the community composed of the husband and wife, since such judgment does not conform to the verdict, as required by Bal. Code § 5115.

[1]Reported in 78 Pac. 999.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered May 1, 1903, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon an oral guaranty of a promissory note. Modified.

*John M. Gleeson,* for appellants.

*L. J. Birdseye* and *Harris Baldwin,* for respondents.

HADLEY, J.—This action is based upon an alleged oral guaranty of a promissory note. The note contained a promise to pay to the order of George A. Stoltz, for value received, the sum of $1,500, and was executed by Charles T. Uhlman and Halcyon Uhlman. The complaint alleges, in effect, that, as payment to plaintiffs of $1,500, for value received, by George A. Stolz, and in consideration thereof, the said Stoltz transferred and delivered said note to the plaintiffs, and orally guaranteed to them that the note was perfectly good, as good as gold, and would be paid by said makers when it became due; that plaintiffs then received and accepted said note and said guaranty from said Stoltz; that at the maturity of the note plaintiffs presented it to the makers and demanded payment, but they failed and refused to pay it; that immediately thereafter they notified said defendant Stoltz of the nonpayment of the note, and demanded of him that he pay the amount thereof; that, thereafter and prior to the commencement of this suit, said demand was repeated, but said Stoltz neglected and failed to pay the amount, or any part thereof. Judgment is demanded for the amount, with interest, less a credit of $93.60.

The answer denies the material allegations of the complaint. A trial was had before the court and a jury, which resulted in a verdict against the defendant George A. Stoltz for the sum of $1,695.94. Judgment was

thereafter rendered for the amount against George A. Stoltz, and against the community composed of the defendants George A. Stoltz and Lucy Stoltz, his wife. The defendants have appealed from the judgment.

The main contention of appellants is that the court erred throughout its entire conduct of the case, including the overruling of the demurrer to the complaint, by holding that the facts stated are sufficient to make appellants liable. As far as controverted facts are concerned, they have been settled by the jury in favor of respondents, and against George A. Stoltz. We shall therefore confine ourselves to the matter of their sufficiency to entitle respondents to recover. Appellants insist that, under our statute relating to negotiable instruments, §§ 30 and 31, p. 347, Laws 1899, the title to the note did not pass to respondents, in the absence of the payee's indorsement thereon. Those sections are as follows:

"§ 30. An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery.

"§ 31. The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement."

It will be observed that the two sections, taken together, provide that an instrument, when payable to order, is negotiated by the indorsement of the holder, completed by delivery, and that the indorsement must be written upon the instrument itself, or upon a paper attached thereto. Section 49 of the same act, however, provides as follows:

"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

It is thus clear that, while sections 30 and 31 state how the negotiation may be completed, yet section 49 expressly says that mere delivery of an instrument, payable to order, vests title in the transferee and, also, carries with it the right to compel the indorsement of the transferer. In the event of a suit upon the note itself, and against the makers, the necessity for such indorsement might become material in order to maintain the suit, as upon an assigned instrument under the terms of § 4835, Bal. Code. But this is not a suit against the makers of the note.

Appellants next call attention to § 18 of said act of 1899, which is as follows:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed his own name."

It is argued that, under the terms of the above section, considered, also, together with §§ 30 and 31, set out above, there can be no liability here in the absence of appellants' signatures upon the note. It will be observed that § 18 says that no person is liable "on the instrument" whose signature does not appear thereon. This is not a suit on the instrument, but upon the guaranty of appellants that the amount the note represented would be paid when due. The guaranty of a note is

not a promise to answer for the debt of the maker, and is not within the statute of frauds, when it is negotiated in consideration of value received by the guarantor, but it becomes the original and absolute obligation of the guarantor himself whereby he promises to pay his own debt to the guarantee—that is to say the debt he owes his guarantee for what he has received from the latter. The note, meanwhile, is delivered and held as collateral to the promise of the guarantor. If the maker pays it at the date of its maturity, the guarantor's obligation is, by that fact, discharged; but, if the maker fails to pay, the guarantor remains liable upon his own obligation, which is absolute and independent of the note itself. *Cardell v. McNeil,* 21 N. Y. 336; *Milks v. Rich,* 80 N. Y. 269, 36 Am. Rep. 615; *Bruce v. Burr,* 67 N. Y. 237; *Holm v. Jamieson,* 173 Ill. 295, 50 N. E. 702, 45 L. R. A. 846; *Delsman v. Friedlander,* 40 Or. 33, 66 Pac. 297; *Kiernan v. Kratz,* 42 Or. 474, 69 Pac. 1027, 70 Pac. 506. That an oral guaranty, under such conditions, is binding upon the guarantor, is held in the following cases: *Cardell v. McNiel, Milks v. Rich, Bruce v Burr,* and *Kiernan v. Kratz, supra;* also, in *Union Nat. Bank v. First Nat. Bank,* 45 Ohio St. 236, 13 N. E. 884; *Taylor v. Soper,* 53 Mich. 96, 18 N. W. 570; *Koch v. Melhorn,* 25 Pa. St. 89, 64 Am. Dec. 685. See, also, 2 Daniel, Negotiable Instruments, § 1763 (5th ed.); Tiedeman, Commercial Paper, § 418.

Appellants argue that the so-called negotiable instrument law, which has been recently adopted by a number of the states, including our own, with a view to uniformity of laws upon that subject, was intended as in the nature of a statute of frauds pertaining to the liability of persons in connection with negotiable paper, and that no liability can exist without the signature of

the person sought to be charged upon the negotiated in-
strument, under § 18 of our law upon the subject.  Such
is, no doubt, true where liability is predicated upon the
instrument itself, but, as we have seen, this is not such
a case.  The liability sought to be enforced neither arises
out of the instrument, nor is it based thereon.  This
note, made by third parties, is merely an incidental and
collateral matter to the agreement sued upon here, which
is, in effect, an agreement to make good to respondents
that from which they parted, and which they turned over
to the party here sought to be charged.

Appellants admit that the authorities last above cited
are in point as supporting liability under a verbal guar-
anty; but they urge that those cases were decided before
the adoption of the negotiable instrument law, by the
states where it has since become a law.  It is true, most
of the decisions are older than the statutes now in force
in the states where some of the decisions were rendered.
The law is of recent orgin, and was not adopted by this
state until 1899.  The same year, the state of Oregon
adopted the law, and since that time, to wit, in 1902,
the supreme court of that state, in *Kiernan v. Kratz,*
*supra,* held an oral guaranty of a check and certificates
of deposit to be enforcible.  No reference is made in
the opinion to the negotiable instrument law.  The case
was discussed with reference to the ordinary provisions
of the statute of frauds, and was held not to come within
those provisions, for the reason that the obligation was
the absolute and independent one of the guarantor to
answer for his own debt.  While the fact that the incep-
tion of the obligation in that case antedated the negoti-
able instrument law may distinguish it from this, still,
we think the statute was not intended to change the rule
followed by the above cases where the obligation is the

absolute one of the guarantor, and is not a liability on the instrument itself. We therefore think the court did not err in its application of the law upon this subject.

It is assigned that the court erred in entering judgment against the community composed of appellants, on the verdict against George A. Stoltz. The complaint alleges, and the answer denies, that the obligation was for the benefit of the community. That subject was, therefore, in issue. Personal recovery against the husband alone was asked, with the additional demand that it should be enforced against the property of the community. The only question submitted to the jury was that of the personal liability of the husband. We fail to find in the record any request, from either party, that the question of community liability should be submitted to the jury. They, therefore, did not pass upon the subject, and the verdict contains no finding concerning it. Section 5115, Bal. Code, requires as follows:

"When a trial by jury has been had, judgment shall be entered in conformity to the verdict . . ."
We cannot say that this judgment is in conformity to the verdict, except as to the personal liability of the husband. Respondents urge that *McDonough v. Craig,* 10 Wash. 239, 38 Pac. 1034, is authority for entering the judgment. There the personal liability was found against the husband only, and judgment against the community property was sustained. By reference to the briefs in that case, however, we find that, by the verdict, the jury specifically found that the community was liable, and the judgment was, therefore, in conformity to the verdict. The subject, however, was in issue in this case, and, in the absence of a finding thereon by the jury, we believe the judgment does not conform to the verdict, as required by the statute.

The judgment is therefore affirmed, except as to that part which declares it to be enforcible against community property. The cause is remanded, with instructions to the trial court to modify the judgment in the particular named. In view of the modification of the judgment, the appellants are entitled to recover the costs on appeal, and it is so ordered.

FULLERTON, C. J., and DUNBAR, ANDERS, and MOUNT, JJ., concur.