[No. 6517.   Decided January 28, 1907.]

CARRIE JONES *et al.*, *Respondents*, v. W. H. REYNOLDS *et al.*,
*Appellants.*[1]

SALES—ACTION FOR PRICE—DEFENSES—MISREPRESENTATIONS. False
representations as to the quality of personal property and the value
of a restaurant business, made on a sale thereof, are not a defense
to an action for the price, since they are not warranties and the
vendees must rely on their own observations.

SAME—CONDITIONAL SALE—REMEDIES OF SELLER—RETAKING ABAN-
DONED PROPERTY. Where, on a conditional sale, the vendee abandoned
the remnants of the property, and the vendor refused to retake
possession in satisfaction of the debt, and only did so when directed
to by the vendee, and when it was about to become a total loss to
both parties, the vendor does not elect his remedy or rescind the
sale by retaking possession; and after application of the proceeds,
he may recover the balance of the purchase price.

Appeal from a judgment of the superior court for Spokane
county, Poindexter, J., entered June 2, 1906, after a trial
on the merits before the court without a jury, in an action
to recover upon promissory notes.   Affirmed.

*Barnes & Latimer* (*John L. Wiley*, of counsel), for ap-
pellants.

*Ernest E. Sargeant*, for respondents.

FULLERTON, J.—On February 16, 1905, the respondents,
being then the owners of certain personal property used in
the restaurant business, contracted to sell the same to the
appellants for a consideration of $450.   At the time the
contract was entered into, $200 of the purchase price was
paid in cash and the remainder evidenced by five promissory
notes of $50 each, due and payable on August 16, 1905.   The
personal property was delivered to the appellants under a
conditional bill of sale, by the terms of which the title there-
to remained in the respondents to become vested in the ap-

[1]Reported in 88 Pac. 577.

pellants only upon the payment of the entire purchase price. After taking possession of the property, the appellants used it for some five or six months in conducting a restaurant business, and in the meantime disposed of a large part of it, and suffered the remainder to become greatly deteriorated and depreciated in value. In July, 1905, they abandoned the property without notice to the respondents. Later on the owner of the building in which the restaurant had been conducted, and in which the abandoned property then was, notified the respondents to remove it, saying that if they did not do so he would be compelled to place it in the street. The respondents notified the appellants of this demand on the part of the former landlord, by letter, in which they requested the appellants to remove the property, and see that it had proper care. The appellants answered this request, using the following language: "Yours of the 20th rec'd to-day. In reply thereto will say the only thing for you to do is to go ahead and get the balance out of the outfit, on which your conditional bill of sale gives you a prior lien." In reply to this letter the respondents stated they would not take the property in satisfaction of their debt, but would take it and dispose of it and allow the appellants whatever sum the property would bring. No attention was paid to this letter, whereupon the respondents took the property, stored it for some four months, and then sold it after notice to the appellants, and held the proceeds of the sale to their use.

This action was thereupon brought to recover upon the notes. The appellants defended claiming that the respondents had been guilty of fraud and misrepresentation in stating the value of the property at the time of the contract of sale, and that the taking of the property by them operated as a satisfaction of the notes. The court refused to permit the introduction of any evidence touching the question of fraud, and found that the taking of the property was with the authority of the appellants and not in satisfaction of the

debt; further finding that the sale of the property was conducted in accordance with the best interests of the appellants and that the price recovered therefor was fair and reasonable. It thereupon directed that the sum received from the sale be credited upon the notes, and that judgment be entered for the balance due thereon. Judgment was entered accordingly and this appeal was taken therefrom.

It is first contended that the court erred in excluding evidence concerning the representations made by the respondents as to the value of the property, but these representations, as set out in the answer, related solely to the quality of the articles· of personal property and the value of the restaurant business, the truth or falsity of which could have been determined by an inspection. This court has repeatedly held that statements made under such circumstances are in no sense warranties, nor do they afford an action of damages to the person deceived. In such cases the purchaser must be held to have relied on his own observation and not on the statement of the vendors. *Griffith v. Strand*, 19 Wash. 686, 54 Pac. 613; *Washington Central Imp. Co. v. Newlands*, 11 Wash. 212, 39 Pac. 366; *Walsh v. Bushell*, 26 Wash. 576, 67 Pac. 216; *Sherman v. Sweeny*, 29 Wash. 321, 69 Pac. 1117.

The second contention presents a more serious question, still we think the judgment of the court was right on the facts as presented. While a vendor in a conditional sale has a choice of remedies—that is to say, he may disaffirm the sale by retaking the property, or he may affirm it by suing to recover the balance of the purchase price—the rule is general that he cannot exercise both remedies. He cannot retake the property and then recover the purchase price, even though the contract may so expressly provide; this, on the principle that to retake the property is to rescind the sale, and hence, there is no consideration to uphold the promise to pay for it. But in this case the respondents expressly refused to take the

property in satisfaction of their debt, and did not take it at all until they had been directed so to do by the appellants after its abandonment by them, and after it became evident that the property would be a total loss to both parties if they failed to care for it. A taking under such circumstances is not a rescission of the sale and cannot operate as a bar to the recovery of the purchase price   The utmost liability of the respondents was to account for the reasonable value of the property. Since, therefore, they did so account, they are entitled to recover the balance due upon the notes.

There was no error in the exclusion of evidence, and the evidence in the record abundantly justified the court's findings. On the whole there was a fair trial and a just conclusion reached.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, ROOT, DUNBAR, CROW, and MOUNT, JJ., concur.