Argued December 16, 1912, decided January 7, 1913.

### JONAS *v*. HUGHES.

(128 Pac. 998.)

**Money Lent—Persons Entitled to Sue.**

Plaintiff, on defendant's request for a loan, refused to buy
the note of a third person, and relying upon defendant's state-
ment that, if the third person did not pay the note, he would,
advanced money to defendant with the statement that, if he paid
it when due, he could have it. Held, that defendant's obligation
was original, and that plaintiff held the note as collateral security,
and could maintain an action for money lent.

From Multnomah: HENRY E. MCGINN, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by N. Jonas against William Hughes
to recover $1,515 with interest from November 6, 1909,
at 8 per cent per annum, less $200 paid thereon, being
money loaned to defendant on that date. The allegations
of the complaint are denied by the answer. Plaintiff's
testimony tended to show that the defendant asked plain-
tiff for a loan of $1,500, and offered him an overdue

promissory note in that sum, given by J. H. Templeton to the defendant, on which there was due some interest. The plaintiff told defendant that Templeton was a stranger to him, and that he would not take the note, and asked for defendant's note. Defendant said he had no blank notes, but would sign the Templeton note, and, "If Templeton don't pay it, I will." Plaintiff replied: "You are good for it, but the note is no good as it stands. If you pay when it comes due, you can have it." Defendant indorsed the Templeton note, and delivered it to plaintiff, and plaintiff gave him his check for $1,000 and his note for $515 due in six months, to equal the amount of the Templeton note. Defendant told him that the sheep men out in that country (Heppner) were owing him, and, whenever they got their wool to market, he would have money to throw at the birds. Plaintiff was to give him until the 1st of June for repayment, provided Mr. Templeton did not pay it.

At the close of plaintiff's testimony, the defendant moved for a judgment of nonsuit on the ground that the plaintiff failed to prove a cause sufficient to be submitted to the jury, which was denied by the court, and the defendant thereupon rested his case without offering any evidence. The trial was had before the court without the intervention of a jury, and the findings were made in favor of plaintiff; and from a judgment thereon defendant appeals.　　　　　　　　　　　AFFIRMED.

For appellant there was a brief over the names of *Messrs. Malarkey, Seabrook & Stott,* with an oral argument by *Mr. Dan J. Malarkey.*

For respondent there was a brief over the names of *Messrs. Westbrook & Westbrook,* with an oral argument by *Mr. J. W. Westbrook.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The principal contention of defendant is that the action is for the recovery of money loaned, and that the case

attempted to be proved is upon the liability of the indorser of a promissory note, and that this constitutes a variance. We do not so view the evidence. Plaintiff refused to buy the note, stating that he would look to defendant for repayment, and relied upon defendant's statement that, if Templeton did not pay, defendant would, and gave defendant the check and the $515 note with the statement, "If you pay when it comes due, you can have it," and he held the Templeton note as collateral security only, and was not bound to rely for his remedy upon the note or its indorsement. This is within the principle announced in *Kiernan* v. *Kratz,* 42 Or. 474, 484 (69 Pac. 1027, 1031), where Mr. Chief Justice MOORE says:

"Where a party, in payment of his own debt, assigns to his creditor a note, bill, or check of a third person, orally agreeing that it will be discharged at a given date, and, if not, that he will pay it, upon principle it would seem that his undertaking is original, and he is liable thereon for a breach thereof, for the following reason: The transfer of such paper by indorsement for a contemporaneous debt raises a presumption that the payment is conditional only. * * If a note is not only indorsed over in payment of goods, but guaranteed absolutely by the purchaser, he may still be sued on the original debt."

This principle is also recognized in *Stringham* v. *Mutual Ins. Co.,* 44 Or. 447 (75 Pac. 822). The plaintiff received the Templeton note with defendant's indorsement in payment for the money advanced by plaintiff only on condition that the note would be paid within the time specified. The transaction is no different than if defendant had given his own note, which plaintiff might have surrendered and sued on the original liability, and unless the original liability was expressly canceled by the transfer of the Templeton note, defendant's primary liability remained. This is not an action on the Templeton note or against defendant on the indorsement of it; the note

being held by plaintiff as collateral security only. This principle is well stated by Daniel, Negotiable Instruments (4 ed.) Section 1265, where he says that, when the debtor transfers and indorses a note of a third party for a contemporaneous debt, there is a presumption of conditional payment only, and the creditor may sue for the amount of the consideration. A similar question was involved in *Swenson* v. *Stoltz*, 36 Wash. 318, 321 (78 Pac. 999, 1000: 2 Ann. Cas. 504, 505), where the action was upon an alleged oral guaranty of a promissory note. The court says that this is not a suit on the instrument, but upon the guaranty of appellants that the amount the note represented would be paid when due. It was a promise to pay their own debt. In that case the amount received by the guarantor was the measure of the guarantees' recovery, and the note in the meantime is held as collateral security to the promise of the guarantor. If the note is not paid, the guarantor remains liable upon his own obligation. See note to this case in 2 Ann. Cas. 504; *Cardell* v. *McNiel*, 21 N. Y. 336; *Bruce* v. *Burr, et al.*, 67 N. Y. 237.

This action is an action of debt, and the effect of the indorsement on a note is not involved. The judgment is affirmed.                                AFFIRMED.