Argued March 6, decided March 17, rehearing denied April 7, 1914.

# HAVILAND *v.* JOHNSON.

(139 Pac. 720.)

**Appeal and Error—Review—Questions of Fact—Findings by Court.**

1. Under Section 159, L. O. L., providing, in an action at law tried by the court, that the findings of fact are deemed a verdict, such findings cannot be set aside on appeal, if there is any competent evidence to support them.

> [As to weight in appellate court of finding of judge as to amount of damages as compared with verdict of jury, see note in Ann. Cas. 1913C, 178.]

**Appeal and Error—Review—Presumptions.**

2. On appeal, in an action at law tried by the court, it will be presumed that the Circuit Court disregarded any immaterial evidence introduced.

**Assignments—Action on Assigned Claim—Pleading and Evidence.**

3. The admission of evidence of assignment of a claim to plaintiff for collection, under a pleading alleging assignment for a valuable consideration, is not error; an assignment for collection being for a valuable consideration.

From Multnomah: HENRY E. McGINN, Judge.

Department 1. Statement by MR. JUSTICE BEAN.

This is an action by J. B. Haviland against M. M. Johnson to recover money. It was commenced in the Justice's Court for the district of Portland, where plaintiff obtained a judgment. Upon appeal to the Circuit Court the cause was tried by the court without the intervention of a jury, and a judgment rendered in favor of the plaintiff, from which the defendant appeals.     AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Sheppard & Brock,* with an oral argument by *Mr. R. J. Brock.*

For respondent there was a brief and an oral argument by *Mr. G. E. Hamaker.*

MR. JUSTICE BEAN delivered the opinion of the court.

On November 7, 1911, according to the record, the defendant was indebted to one G. P. Eisman in the sum of $220, balance for labor and material in laying hardwood floors in two houses. In order to obtain time and secure payment of the same, defendant caused 20 shares of the capital stock of the Rowley Automatic Stock Releaser Company to be issued to Eisman. Defendant was secretary of this company, and he agreed in writing to redeem the above shares by purchasing the same within one year. Eisman assigned the claim to plaintiff for collection. Plaintiff demanded payment of defendant about December 10, 1912. Defendant pleads and claims that the written contract was for the purchase of the stock by defendant at any time within one year, and that neither plaintiff, nor anyone, ever tendered the stock to defendant or requested that he purchase the same within one year from the date of the contract. The trial court found in effect that the contract and issuance of stock to Eisman was for the purpose of securing payment of the $220; that the stock was valueless; and that the original debt was due and unpaid.

1. Defendant's assignments of error Nos. 1 to 6 relate to the admission of evidence over the objection and exception of defendant's counsel, for the reason that the same is immaterial and incompetent. Under Section 159, L. O. L., in an action at law tried by the court without a jury, the findings of fact are deemed a verdict. This court has repeatedly held that such findings of the trial court cannot be set aside upon an appeal if there is any competent evidence to support them: *Flegel* v. *Koss,* 47 Or. 366, 370 (83 Pac. 847); *Astoria R. R. Co.* v. *Kern,* 44 Or. 538 (76 Pac. 14); *Courtney* v. *Bridal Veil Box Factory,* 55 Or. 210 (105

Pac. 896); *Sun Dial Ranch Co.* v. *May Land Co.*, 61 Or. 205, 218 (119 Pac. 758).

2. It will be presumed that the Circuit Court in the consideration of the case disregarded any immaterial evidence introduced. It is sufficient to say that there is ample evidence in the record to support the findings made by the trial court. There is no dispute as to the original indebtedness, or that the stock was taken by Eisman as security therefor. Eisman testified to the effect that it was the understanding that Johnson wanted a year's time on the account and would take the stock back and pay him within a year; that he (Eisman) had no idea of purchasing the stock at any time. This is not contradicted. This view of the case renders it unnecessary to examine all the alleged errors. Defendant introduced no evidence: *Jonas* v. *Hughes,* 64 Or. 24 (128 Pac. 998).

It is contended by counsel for defendant that the original debt was not alleged to have been assigned. We think the complaint is sufficient, especially after verdict, to embrace in the allegation of assignment the original account of $220, about which there is no dispute.

3. Objection is made that the court allowed evidence of the assignment of the chose in action for collection under an averment that it was assigned for a valuable consideration. An assignment of a claim for the purpose of collection is based upon a valuable consideration, and is sufficient. Defendant was not thereby prevented from making any defense that he could have made had Eisman brought the action in his own name. Eisman was a witness in the case and is bound by the judgment.

From a careful consideration of all the matters submitted by the record, we are of the opinion that the judgment of the lower court was such as should have

been rendered in the case. Therefore, under Article VII, Section 3, of the state Constitution, the judgment is affirmed. AFFIRMED: REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.