HUBB DIGGS COMPANY ET AL. v. FORT WORTH STATE BANK.

No. 4772. Decided October 12, 1927.
(298 S. W., 419).

108

*Thompson & Barwise* and *B. V. Thompson,* for appellants.

The endorsement in blank of a written negotiable instrument may not be varied, contradicted, extended, or restricted by parol evidence; therefore, since the endorsement of the Hubb Diggs Company appeared only on Note No. 12 and did not appear on Notes Nos. 7, 8, 9, 10 and 11, the court erred in permitting plaintiff's witness, H. W. Orgain, cashier of the Guaranty State Bank, to testify, in answer to a question as to what was said at the time the Hubb Diggs Company was informed that the bank would be unable to give any service on the notes, that an official of the Hubb Diggs Company stated to plaintiff's witness, " 'Send them (the notes) down here and we will endorse them,' and that is what we did." Dwiggins v. Merchants Natl. Bank, 27 S. W., 171; Barringer v. Wilson, 80 S. W., 994, 97 Texas, 583; First Natl. Bank v. Powell, 149 S. W., 1096; Overland Auto Co. v. Winters, 180 S. W., 561; Spurgin v. Bank, 235 S. W., 970; Osgood's Admtrs. v. Artt, 17 Fed., 575; Torbert v. Montague, 87 Pac., 1145; Aronson v. Nuremburg, 105 N. E., 1056; Lake Henrietta State Bank v. Miller, 164 N. W., 989; McDonald v. Thompson, 268 S. W., 606.

An oral promise to endorse certain promissory notes executed by another is within the statute of frauds, as a promise to pay the debt of another, and is unenforcible, absent pleadings of fraud, accident or mistake; therefore, the court erred in overruling the motion of defendant, Hubb Diggs Company, to strike from the record the statement by the witness, H. W. Orgain, cashier of the Guaranty State Bank, testifying in behalf of the plaintiff, that an official of the Hubb Diggs Company told Mr. Orgain to send the notes down to Hubb Diggs Company and said company would endorse them. United

Securities Co. v. Tilly, 163 S. W., 281; Todd v. Victory, 277 S. W., 705.

The court erred in excluding the following relevant and material evidence offered by defendant Hubb Diggs Company through the witness Hubb Diggs, its president, to-wit: That the arrangement between the Guaranty State Bank and the Hubb Diggs Company at the time the John R. Knapp notes were executed, was that the Guaranty State Bank would take all of the brokerage and all insurance and bear responsibility, except that in some cases the Hubb Diggs Company endorsed the paper on the back, and in some instances the Hubb Diggs Company endorsed the notes as a series by placing their endorsement on the last note and using words to indicate that such endorsement was for the entire series; that when the Hubb Diggs Company endorsed paper only on the last note and without using words to indicate that the endorsement was for the entire series, such endorsement was intended only to cover the last note. Such testimony being excluded on the objection of plaintiff that Mr. Diggs was not shown to have any private, individual knowledge of the Knapp deal, the objection going merely to the weight of the evidence and not to its admissibility.

*Hyer & Christian,* for appellee.

The position of the name of Hubb Diggs Company on the back of the last note of the series sued upon in this case was one of ambiguity, so that it was permissible to introduce parol evidence as to the circumstances under which the indorsement was made and the intention of the parties with respect thereto.

The testimony of Hubb Diggs with regard to the indorsement of the John R. Knapp notes was properly excluded, as Hubb Diggs had no personal knowledge of the transaction.

Mr. Judge NICKELS delivered the opinion of the Commission of Appeals, Section A.

Knapp bought of Hubb Diggs Company a Ford coupe, largely on credit. He executed and delivered to the company twelve notes, of a series, each for the principal sum of $44.14, except the last of the series, and it was for the principal sum of $44.15. The notes, however, were not in form made payable to Hubb Diggs Company; the named payee was Guaranty State Bank. At the same time Knapp executed and delivered to the company a chattel mortgage, naming

Guaranty State Bank as mortgagee. The bank, however, had no interest in the transaction and up to this point was a stranger.

The papers were given that form, apparently, because the company expected to sell the debt and security to the bank. The sale was then made to the bank, the transfer being by delivery of the papers with blank endorsement upon the last note of the series. Knapp had nothing to do with this sale.

Subsequently that bank transferred the notes and mortgage to appellee, and it brought the present suit against Knapp and the company upon notes seven to twelve, inclusive—each one of the series having an accelerated payment clause. Hubb Diggs Company, by way of answer, set up a general demurrer and general denial and specially averred that the notes, except the twelfth, were not indorsed or signed by it, and, further, that Guaranty State Bank understood at the time of the purchase by it that Knapp resided in El Dorado, Arkansas, where he had the Ford coupe in use, and that plaintiff, assignee, knowing this, had failed to use proper diligence in that it failed to call upon Knapp for payment (he would have paid, it is said, if called upon), and in that it did not take possession of the car. In a supplemental petition Fort Worth State Bank alleged in substance origin and history of the notes as above given and that "there was an agreement and understanding between Hubb Diggs Company and the Guaranty State Bank for said bank to take the automobile paper of said * * * company and (for) said defendant to guarantee the payment of any and all such paper accepted by said bank from said defendant and that notes would be taken (by the company) in series as to each automobile sold and in order to save time and trouble of endorsing each and every note of a series separately, the said defendant should endorse only the last note of each series and this would be taken and considered as a full endorsement of each and every note in the series—the last note of the present series being so endorsed with the mutual intent that the endorsement was an endorsement of all the notes." By supplemental answer Hubb Diggs Company offered the defense of Sec. 2 (Art. 3995, R. S., 1925), of the Statute of Frauds. The company had, also, a cross action against Knapp for whatever might be recovered against it.

Verdict was instructed against Knapp and the company. The company appealed, and by a divided court the judgment was reversed and the cause remanded. Judge Buck thought that judgment ought to be rendered against the company upon the last note of the series

and in its favor in respect to notes seven to eleven, inclusive. The case is now pending upon motion for rehearing in that court.

Orgain, cashier of Guaranty State Bank, for appellee, testified that Guaranty State Bank, at the time, was handling the "automobile paper" of Hubb Diggs Company and that when the Knapp notes came in it was noticed that Knapp's address was El Dorado, Arkansas; thereupon, he said, he telephoned Mr. Pentecost, an officer of the company, and told him that the bank could not handle the notes of a non-resident without the endorsement of the company, and that Mr. Pentecost replied: "Send them down here and we will endorse them." The notes were then sent to the place of business of the company, he said, and when "they were returned only one note was endorsed." Against objection by the company he was then allowed to testify to existence of such general agreement, as that alleged. Hubb Diggs, for his company, testified that he was familiar with "the manner of handling commercial paper that existed between the company and the Guaranty State Bank about the time the Knapp notes were made and knew the intention of the company in endorsing the Knapp notes, but that Mr. Pentecost handled the matter and he (Diggs) did not have any independent recollection thereof." The company then offered his testimony (excluded upon objection) that the "arrangement between the Guaranty State Bank and the company was that the bank would take care of all brokerage and insurance and bear all responsibility except that in some cases the company endorsed the paper on the back and sometimes endorsed the notes as a series by placing its endorsement on the last note and using words to indicate that such endorsement was for the entire series, and whenever the company endorsed the last note without such explanatory words such endorsement was intended to cover only the last note."

In Questions Nos. 1 and 2, respectively, the Court of Civil Appeals has inquired whether there was error in excluding the testimony of Diggs and in admitting that portion of Orgain's testimony to which objection was made.

While the case as first pleaded was one upon the notes with their actual or purposed actual endorsements, the supplemental petition, plus the affirmatives of the answer and cross action (which, of course, may aid the petition—Pope v. Kansas City, M. & O. Ry. Co., 109 Texas, 311, 322, 207 S. W., 514) set up the facts of the entire matter and those allegations, with the prayer for general relief, etc., made it the duty of the court to award such relief as

the proof, in harmony with the averments, might warrant. Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 542, 46 Am., 269. Pretermitting the question whether, as a matter of law, endorsement of the last note of the series made an endorsement of all of them, it may be said a right of action lay upon the oral agreement alleged and sought to be proved by Orgain's testimony of a kind not precluded by Sec. 18 of the Negotiable Instruments Law giving immunity to one whose name does not appear on the paper. First State Bank of Windom v. McElwrath, Texas Civ. App., 266 S. W., 837; Swenson v. Stoltz, 36 Wash., 318, 78 Pac., 999, 2 Ann. Cas., 504. Hence, the testimony was admissible despite the defense grounded in Sec. 18. If it was improper at all it was so because thereby a right of action, not evidenced on paper, would or might be proved in defiance of the Statute of Frauds.

As a matter of course, the debt purportedly evidenced by the notes drawn in favor of Guaranty State Bank was the property of Hubb Diggs Company. That bank had nothing to do with the transaction between Knapp and the company; he merely bought a car from the company and agreed to pay for it, and he was the company's debtor up to the time of the sale of the notes. The company then sold the debt to the bank in consideration of money then paid to it by the bank, and, if the version pleaded by appellee and supported by Orgain's testimony be true, made an agreement for conditional liability—in all substantial respects as if a car (with a certain warranty), rather than a debt, had been sold. This did not involve that answering for the debt or default of another regulated in the statute, but it included such a new and independent promise, upon ample consideration beneficial to the promisor, to do a certain thing upon happening of a contingency as lay without the statutory inhibition. Muller v. Riviere, 59 Texas, 640, 46 Am. Rep., 291; Lemmon v. Box, 20 Texas, 329; Wallace v. Freeman, 25 Texas Supp., 91; First State Bank of Windom v. McElwrath, supra; Emerson v. Slater, 22 How., 28, 43; 2 Daniel on Negotiable Instruments (5th Ed.), Sec. 1763; 3 R. C. L., 1160; Tiedeman on Commercial Paper, Sec. 418; 2 Elliott on Contracts, Sec. 1235.

Since, therefore, the promise is without the statute and the suit is cognizable as one in whole or part upon the oral agreement, all question about the admissibility of Orgain's testimony disappears.

Competency of that testimony made proper the testimony of Diggs. The purpose of Orgain's testimony was to develop the general agreement or arrangement so as to give point to the brief

conversation between Orgain and Pentecost at the time and the evidence of intent in sending the notes back to the company and in the company's actual endorsement of one of them. If, as held, the bank had a right to show its version of the general arrangement in important aid of its claim, its opponent assuredly had a right to show a different arrangement and, thus, to contest the bank's claim and contradict the witness by whom it sought to prove the claim.

The third question propounded by the Court of Civil Appeals is whether "it erred in reversing the judgment of the trial court and, if it did not so err, whether judgment should then have been rendered for the bank in the principal sum of the last note only, with interest and costs." What has been said shows our view that the judgment ought to have been reversed and the cause remanded, as was done.

A fourth question is: "Did the endorsement of the last note, under the circumstances stated, constitute as a matter of law the endorsement of the whole series?" Disposition of the other questions, upon the grounds stated, renders immaterial the fourth question.

Accordingly, we recommend that the three material questions be thus answered: No. 1: "Yes." No. 2: "No." No. 3: "The Court of Civil Appeals did not err in reversing the judgment of the trial court and in remanding the cause for further trial."

The opinion of the Commission of Appeals answering certified questions is adopted, and we direct particular attention to the case of First State Bank of Windom v. McElwrath, 266 S. W., 838, cited by the Commission.

*C. M. Cureton,* Chief Justice.