[No. 21189. Department Two. August 30, 1928.]

S. R. RODGER et al., Respondents, v. D. B. JOHNSON, Appellant, T. H. SANDERSON et al., Defendants.[1]

[1] SALES (182)—CONDITIONAL SALES—REMEDIES OF SELLER—AGAINST BUYER—ELECTION TO TREAT SALE AS ABSOLUTE. A conditional sales vendor, by suing upon the note and contract for the whole sum, elects to treat the sale as absolute, and can not thereafter apply to the court for relief by establishing a lien on the property, and it is error for the court to allow an amendment to cover such relief.

[2] SALES (183)—CONDITIONAL SALES—REMEDIES OF SELLER—AGAINST THIRD PERSONS—ELECTION—LIEN. A conditional sales vendor, having elected to treat the sale as absolute and take judgment for the whole amount due, is not entitled to a lien on the property because of the right thereto of one defendant as against his codefendant, especially where such defendant has not sought such protection.

[3] SALES (183)—CONDITIONAL SALES—REMEDIES OF SELLER—AGAINST ASSIGNEE —ASSUMPTION OF CONTRACT. The assignee of property conditionally sold, who assumes payment of the note, as part of the consideration, is liable to the vendor in an action on the note and contract for the whole sum due.

Appeal from a judgment of the superior court for Spokane county, Witt, J., entered November 16, 1927, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed in part, and reversed in part.

[1]Reported in 270 Pac. 105.

*John F. Aiken,* for appellant.

*Berkey & Cowan,* for respondents.

BEALS, J.—Plaintiffs, on February 1, 1927, being the owners of the furniture in the Terry Apartments, Spokane, agreed, by contract of conditional sale, vendees' note for the balance of the purchase price being attached thereto, to sell the same to defendants Shaw. Possession of the property was delivered to the vendees, and the note and contract of conditional sale placed by vendors in a Spokane bank for collection.

Vendors neglected to file the conditional sale agreement in the office of the county auditor; and on June 28, 1927, the defendants Shaw sold the furniture to defendant D. B. Johnson, giving him a bill of sale which was not recorded and was not introduced in evidence on the trial. Plaintiffs, having learned of the sale to Johnson, called on him and demanded that he make the payments due under the contract between them and the Shaws. Johnson failed to make these payments, and executed a bill of sale of the property to defendant Sanderson, which deal, according to Johnson, was not completed.

Meanwhile, plaintiffs filed their copy of the conditional sale to defendants Shaw in the office of the county auditor, and brought suit against all parties interested, asking for judgment against the defendants upon the note which had been executed in their favor by defendants Shaw, that the furniture be sold, and the proceeds applied to the payment of plaintiff's judgment, and for general relief.

In their complaint, plaintiffs allege that the defendant Johnson knew of the sale from plaintiffs to defendants Shaw, and that, as a part of the deal between him and the Shaws, he assumed and agreed to pay their note in favor of the plaintiffs. No pleadings on behalf

of defendants Shaw are contained in the transcript, but the Shaws appeared at the trial, both in person and by counsel, admitted their liability to plaintiffs, and testified on plaintiffs' behalf; defendants Johnson and Sanderson answered, denying the material allegations of plaintiffs' complaint.

Plaintiffs, after resting their case, asked leave to reopen the same and to be allowed to file an amended complaint to conform to the proof, alleging fraud and collusion between defendants Shaw on the one hand and defendant Johnson on the other, praying for judgment on the note, and that any judgment rendered in their favor be declared to be a first lien on the personal property which they had sold to the Shaws. The court, over the protest of defendant Johnson, allowed plaintiffs to file an amended complaint, and Johnson then answered the same, denying the allegations therein contained and alleging that, by their original complaint, plaintiffs had elected to treat the sale from themselves to the Shaws as absolute, and had waived any claim on their part to the furniture or any specific lien thereon.

The trial proceeded, resulting in a judgment in favor of plaintiffs against the defendants' James E. Shaw and Leathea Shaw, his wife, and D. B. Johnson, for the balance due plaintiffs on account of the note executed by defendants Shaw and assumed, as the court found it had been, by defendant Johnson, together with interest and costs; the judgment being declared to be a first lien on the furniture, which was ordered sold by the sheriff and the proceeds applied to the satisfaction of the judgment. From this judgment, defendant D. B. Johnson appeals.

Appellant assigns as error the permission granted respondents by the trial court to file an amended complaint, the rendition of judgment against appellant,

and the establishment of said judgment as a lien upon the personal property described therein.

In their original complaint, respondents sought judgment against the defendants Shaw and the appellant on the note which the Shaws had given respondents, it being alleged that appellant had, as part of the consideration moving from him to the Shaws, assumed and agreed to pay the same. In their amended complaint, respondents seek practically the same relief, simply alleging a few additional matters as to appellant's collusion with the Shaws with intent to defraud respondents; the action still remained an action upon the note, although respondents prayed that they be awarded a lien on the furniture.

[1]   The vendor of personal property sold by a conditional sale agreement, such as is the subject-matter of this action, has, upon default of the vendee, the option of pursuing one of two remedies; he may either declare a forfeiture and resume possession of the property covered by the conditional sale agreement, or he may affirm the sale and sue for the balance due on account of the purchase price. He cannot, however, concurrently pursue both of these remedies. In this case respondents, both in their complaint and in their amended complaint, ask for judgment upon the note given them by the Shaws, their vendees. The court in Finding VIII found,

"That plaintiffs elected to declare the full amount of their promissory note and contract due and payable, and are seeking a money judgment against defendants,"

and granted respondents a money judgment against defendants Shaw and appellant, then proceeding to make this judgment a first lien upon the property originally sold by respondents to the Shaws, and directing the sheriff to sell the same and apply the proceeds

thereof on the judgment. Respondents, having elected to sue upon the note which they had accepted from their vendees, treated the sale of the property as absolute and complete and lost their right as owners of the property to repossess the same. They did not cause the property to be attached in this action, but simply sought to establish their claim on the note as a lien thereon. This they had no right to do and the trial court erred in granting them such relief.

This court, in the case of *Lahn & Simmons v. Matzen Woolen Mills,* 147 Wash. 560, 266 Pac. 697, says:

"The rights of the creditor under a chattel mortgage and a conditional sale contract are not the same. Under the latter, the vendor may disaffirm the contract and retake the property, or he may treat the transaction as an absolute sale and sue on the contract. He cannot do both, because the remedies are inconsistent. *Jones v. Reynolds,* 45 Wash. 371, 88 Pac. 577; *Stewart & Holmes Drug Co. v. Reed,* 74 Wash. 401, 133 Pac. 577; *Eilers Music House v. Douglas,* 90 Wash. 683, 156 Pac. 937, L. R. A. 1916E 613; *Kimble Motor Car Co v. Androw,* 125 Wash. 225, 215 Pac. 340."

The judgment rendered in this case is obnoxious to the rule laid down by Judge Main in the case cited, and must be modified in so far as the same grants respondents a lien upon the furniture.

[2] Respondents seem to contend that the defendants Shaw are entitled to have this property subjected to the lien of the judgment rendered in respondents' favor. It does not appear from the record before us that the Shaws filed any pleading in the case, or did any more than appear in person and by attorney at the trial and testify on behalf of respondents. In any event, respondents cannot at this time use the unfortunate position in which Mr. and Mrs. Shaw find themselves as the basis for upholding a judgment granting

respondents relief to which they are not entitled either under the pleadings or the evidence.

[3] We are satisfied that the trial court was correct in granting a money judgment against appellant; the evidence is conflicting, but we believe preponderates in favor of the finding of the court.

The judgment appealed from will be modified by striking therefrom the provisions which make the same a lien upon the personal property therein referred to and which direct that such property be sold by the sheriff and the proceeds applied in satisfaction of the judgment. With this modification the judgment will be affirmed. Appellant will recover costs.

FULLERTON, C. J., MAIN, HOLCOMB, and ASKREN, JJ., concur.