[No. 24902.  Department Two.  May 18, 1934.]

SPOKANE SECURITY FINANCE COMPANY, *Appellant*, v.
J. A. ANDERSON CO., INC., *Respondent.*[1]

*G. E. Lovell,* for appellant.
*Danson, Lowe & Danson,* for respondent.

HOLCOMB, J.—Appellant brought suit for a balance of $989.93, interest, and attorney's fees, upon a promissory note, originally for six thousand dollars, executed on October 20, 1924, by Rose M. Bevan to Joseph Ellor, and by Ellor assigned to appellant.

It is alleged that Ellor and wife endorsed the note to appellant and guaranteed its payment. It is also alleged that, as security for the indebtedness, Ellor and wife agreed to transfer to Rose Bevan certain personal property under a conditional sale contract to her; that she was left in the possession and control of the property, and that the personal property was later transferred to respondent, who, as part of the consideration for the transfer, agreed to pay the claim of appellant, and that there was a balance due on the note

[1]Reported in 33 P. (2d) 102.

as above stated. Appellant prayed for judgment therefor, one hundred dollars attorney's fee, and costs.

The conditional sale contract was received in evidence, by the terms of which Joseph Ellor and wife agreed to sell to Rose M. Bevan certain furniture, the purchase price of which was represented by the promissory note referred to in the contract, which is that sued upon by appellant. Evidence was also received to the effect that J. A. Anderson Co., Inc., was the owner of the building occupied by Rose M. Bevan and another, who were in default for rental payments for several months amounting to about thirteen hundred dollars. Respondent accepted from Rose Bevan and other parties interested in the furniture, a bill of sale which was given in full satisfaction for any and all claims of rental which the grantee had against the grantors and in discharge of all claims of lien which it might have had in the equities of the grantors in and to the property described therein, subject to a certain chattel mortgage given October 20, 1924, and May 31, 1931, by Rose M. Bevan and Wilma Lamonde to appellant, which had been filed in the office of the county auditor of Spokane county.

On conflicting evidence, the court found, as a fact, that J. A. Anderson, acting for respondent, promised to pay the balance due on the furniture to appellant. There was no proof of any written contract to assume or pay any indebtedness.

On the above state of facts, the court concluded, as a matter of law, that respondent was not liable upon the note. The suit was therefore dismissed.

The trial judge filed a memorandum opinion, which, in part, reads:

"In purchasing the Englehorn hotel, Anderson *orally* assumed and agreed to pay the note which had been given by a former purchaser to evidence a part of

the purchase price of the hotel and which still remained in part unpaid, and to recover which this action is brought. Anderson's signature nowhere appears on the note, and defendant contends he cannot be held liable under the section named. The language of that section is:

" 'No person is liable on the instrument whose signature does not appear thereon. . . .'

"And in *Frazey v. Casey,* 96 Wash. 422 [165 Pac. 104], the supreme court held, under like circumstances, that the purchaser of land who had orally assumed a note secured by mortgage on the land could not be held liable for the note, because his signature did not appear on the note. Their language leaves no room for construction. They say, 'Under this section of the statute, Mr. Casey's signature must appear upon the note before he may be held liable thereon. Mr. Casey was not the maker of the note. He did not endorse it, and if this section means what it says, it is difficult to understand how Mr. Casey may be held liable in an action at law upon the note which he did not sign or endorse.' This construction was upheld in *Security State Bank v. Adkins,* 134 Wash. 94 [235 Pac. 18], and again in *Federal Land Bank v. Miller,* 155 Wash. 479, 484 [284 Pac. 751]. The case of *Rodger v. Johnson,* 148 Wash. 675 [270 Pac. 105], is almost identical with the present case on the facts and the supreme court there held that an assignee of property conditionally sold, who assumes payment of a note as part of the consideration is liable in an action on the note. I assume the assumption was oral though that fact does not appear. Manifestly, the statute was not called to the court's attention for it is not mentioned, . . . The *Rodger* case was decided upon equitable principles and not upon this statute."

■ On appeal, appellant vigorously contends that the trial court erred in holding that this case was governed by the statute (Rem. Rev. Stat., § 3409), and the case of *Frazey v. Casey, supra.* Appellant urgently insists that the *Frazey* case, *supra,* was wrong in law,

and that it is distinguishable from the case at bar; that the distinction is the same as that in *Federal Land Bank v. Miller, supra;* and that the *Frazey* case has been impliedly overruled several times since.

Appellant correctly argues that conditional sale contracts may be assumed orally the same as any other mortgage indebtedness, payment of which has been orally assumed by a grantee, since we have held that there is no sensible distinction between the case of a legal title conveyed to secure the payment of a debt and a legal title retained to secure payment. *Taylor v. Interstate Investment Co.,* 75 Wash. 490, 135 Pac. 240.

Appellant therefore contends that the purchaser of property can orally assume the obligations of a conditional sale contract and be bound thereby, citing *Ordway v. Downey,* 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892; *Gilmore v. Skookum Box Factory,* 20 Wash. 703, 56 Pac. 934; *Hart v. Bogle,* 88 Wash. 125, 152 Pac. 1010; *Union Machinery & Supply Co. v. Darnell,* 89 Wash. 226, 154 Pac. 183; *Dybdahl v. Continental Lumber Co.,* 133 Wash. 81, 233 Pac. 10; *Guth v. First National Bank,* 137 Wash. 280, 242 Pac. 42; *Drew-Warren Radio Electric Company v. Western Loan & Building Co.,* 148 Wash. 435, 269 Pac. 496; *Rodger v. Johnson, supra; Great Western Theatre Equipment, Inc. v. M. & E. Theatres, Inc.,* 164 Wash. 557, 3 P. (2d) 1003, 7 P. (2d) 119; *Hardinger v. Fullerton,* 165 Wash. 483, 5 P. (2d) 987; *National Credit Co. v. Casco Company,* 173 Wash. 275, 22 P. (2d) 670.

Most of the cited cases were actions based upon contracts, and all of them were governed by different legal or equitable principles from this. They cannot, all and singly, be reviewed here, without undue extension of this opinion.

It must be borne in mind that this is not an action upon the conditional sale contract. Appellant elected not to attempt to enforce that contract. This is a pure action of law on the note which had been given by Rose M. Bevan to Joseph Ellor and assigned to appellant. This case calls for a construction of the negotiable instruments act, as to which there should be the highest possible uniformity.

As was said by the trial court, the case of *Rodger v. Johnson, supra,* is the nearest case on the facts in support of the contention of appellant. The statute, § 3409, *supra,* was apparently not there called to the attention of the court nor discussed in the opinion. It is not to be deemed as impliedly overruling the *Frazey* case.

In cases of notes and mortgages, the notes represent the debts, the mortgages, security for the payment of the debts. Either may be the basis of an action. *Seattle Savings & Loan Assn. v. Gwinn, Inc.,* 171 Wash. 695, 19 P. (2d) 111.

Applying the same rule to conditional sale contracts given as security for indebtedness, and recalling that this is not an action to enforce the terms of the conditional sale contract but an action upon a note orally assumed, the negotiable instruments act, *supra,* must be held to apply.

As was said in *Frazey v. Casey, supra:*

"Where a purchaser of mortgaged property assumes and agrees to pay the mortgage debt, equity will enforce payment, either at the instance of the grantor or the holder of the mortgage. There is no doubt of that rule in this state. [Citing cases.] . . . But those were cases in equity where the mortgagee was foreclosing the mortgage. In such cases, the mortgagee has a right to pursue his remedy against the mortgaged property and against those who have agreed to pay the debt, but no case is cited to us where, in an

action at law upon a promissory note, a person not a maker or an indorser may be held liable under a statute like ours.

"Upon the face of the statute, we see no escape from the conclusion that, where the holder of a note secured by a mortgage waives the mortgage and brings an action at law upon the note, he may not enforce payment against a person who has not signed the note either as maker or indorser."

The statute and the reasoning in the *Frazey* case, *supra,* apply with full force to the case at bar. In the *Miller* case, *supra,* in which the *Frazey* case was distinguished, it was specially noticed that it was not an action against Miller and wife upon the note, but upon the covenant in the mortgage to pay the indebtedness, which was assumed by them upon accepting the deed from Bechtold and wife, the original mortgagors, who were personally liable for the payment of the indebtedness wholly apart from their note.

We must conclude that the *Frazey* case, *supra,* was right, and the judgment of the trial court is affirmed.

BEALS, C. J., TOLMAN, GERAGHTY, and MAIN, JJ., concur.