[No. 24902. *En Banc.* January 16, 1935.]

SPOKANE SECURITY FINANCE COMPANY, *Appellant,* v. J. A. ANDERSON CO., INC., *Respondent.*[2]

*G. E. Lovell,* for appellant.

*Danson, Lowe & Danson,* for respondent.

ON REHEARING.

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein, and reported in 177 Wash. 554, 33 P. (2d) 102.

BEALS, J., dissents.

[1]Reported in 39 P. (2d) 985.
[2]Reported in 39 P. (2d) 606.

MILLARD, C. J. (dissenting)—On October 20, 1924, Rose M. Bevan purchased certain personal property (furniture, carpets, etc.) on conditional sale contract from Joseph Ellor and wife. A portion of the purchase price of the property was paid at the time of the execution of the contract and delivery of possession of the property to the vendee. The balance of the purchase price is evidenced by a negotiable promissory note, executed and delivered by the vendee to her vendors, for six thousand dollars, payable in monthly installments of seventy-five dollars, beginning November 1, 1924.

In 1931, the note was assigned by the payees thereof to the plaintiff. Subsequently, in satisfaction of the claim of her landlord (J. A. Anderson Co., Inc.) for rental of the hotel building in which she used the personal property, vendee Bevan, by bill of sale, transferred her interest in the personal property to her landlord.

The trial court found, and the evidence does not preponderate against that finding, that, in consideration of the transfer to it of the personal property, the landlord orally agreed with vendee Bevan to pay the balance due the plaintiff upon the indebtedness. The bill of sale recites that it is subject to the contract under which Rose M. Bevan purchased the personal property from the Ellors. The bill of sale does not provide for assumption by the landlord of payment of the indebtedness.

In August, 1932, plaintiff commenced an action against Rose M. Bevan, Joseph Ellor and wife, and J. A. Anderson Co., Inc., to recover the balance due upon the purchase price of the personal property in question. The complaint, so far as material, reads as follows:

"That on October 20th, 1924, defendant Rose Bevan made, executed and delivered to Joseph Ellor and Emily Ellor a promissory note in the sum of $6,000 which note was payable at the rate of $75 per month and is past due and unpaid.

"That the said note has been assigned and transferred to this plaintiff and this plaintiff is the legal holder and owner thereof.

"That the defendants, Joseph Ellor and Emily Ellor, endorsed the same, guaranteed the same . . . and are indebted on the said note for all the sums now due.

"That said note provides for a reasonable attorney's fee, and the sum of $100 is a reasonable attorney's fee herein.

"That as security for the said indebtedness at the time of making the same, Joseph Ellor and Emily Ellor, his wife, agreed to transfer to Rose Bevan, certain personal property under a conditional sale contract, and the said personal property was left in the possession and control of Rose Bevan. That the said personal property has, through mesne conveyances, been transferred to J. A. Anderson Co. Inc., and J. A. Anderson Co. Inc., is now the legal owner of the said personal property. That at the time of the transfer of the said personal property to the said J. A. Anderson Co. Inc., as a part consideration for the transfer thereof, the said J. A. Anderson Co. Inc., assumed and agreed to pay all claims against the said personal property including the claim set forth herein.

"That there is due on this note the sum of $989.93. . . .

"Wherefore, plaintiff prays judgment against the defendants and each and all of them in the sum of $989.93, and for its costs and disbursements in this action expended including a reasonable attorney's fee of $100.

"That it may be decreed that J. A. Anderson Co. Inc., is the primary debtor and that the other defendants herein are sureties."

The cause was tried to the court, which found that the personal property was transferred by Rose M. Bevan to J. A. Anderson Co., Inc.,

". . . in full satisfaction of and in consideration of the discharge of all claims of lien which said J. A. Anderson Co. Inc., had in equities of the vendors in and to the said personal property."

The court further found that, at the time of the conveyance, the Anderson company agreed with Rose M. Bevan "to pay the balance due the plaintiff upon said indebtedness. That there is due on said note the sum of $989.93 with interest . . . ."

The trial court filed a memorandum opinion reading, in part, as follows, and entered judgment of dismissal:

"In purchasing the Englehorn hotel, Anderson *orally* assumed and agreed to pay the note which had been given by a former purchaser to evidence a part of the purchase price of the hotel and which still remained in part unpaid, and to recover which this action is brought. Anderson's signature nowhere appears on the note, and defendant contends he cannot be held liable under the section named. The language of that section is:

"'No person is liable on the instrument whose signature does not appear thereon . . . .'

"And in *Frazey v. Casey*, 96 Wash. 422 (165 Pac. 104), the Supreme Court held, under like circumstances, that the purchaser of land who had orally assumed a note secured by mortgage on the land could not be held liable for the note, because his signature did not appear on the note. Their language leaves no room for construction. They say, 'Under this section of the statute, Mr. Casey's signature must appear upon the note before he may be held liable thereon. Mr. Casey was not the maker of the note. He did not endorse it, and if this section means what it says, it is difficult to understand how Mr. Casey may be held liable in an action at law upon the note which he did not sign or endorse.' This construction was upheld in *Security State Bank v. Adkins*, 134 Wash. 94, (235 Pac. 18), and again in *Federal Land Bank v. Miller*, 155 Wash. 479, 484, (284 Pac. 751). The case of *Rodger v. Johnson*, 148 Wash. 675, (270 Pac. 105) is almost identical with the present case on the facts, and the Supreme Court there held that an assignee of property conditionally sold, who assumes payment of a note as part of the consideration is liable in an action on the note. I assume the assumption was oral though that fact does not appear. Manifestly, the statute was not called to the Court's attention for it is not mentioned, and the same is true respecting the *Frazey* case *supra*. The *Rodger* case was decided upon equitable principles and not upon this statute. If the statute had been called to the court's attention, no doubt the judgment would have been otherwise, for equity will always yield to a countervailing statute. . . . Not only is that language of the *Frazey* case clear and as yet unmodified,

but the statute itself is clear and hardly susceptible to construction other than its clear statement. . . . "

By Departmental opinion, we affirmed the judgment on plaintiff's appeal therefrom. *Spokane Security Finance Co. v. Anderson Co., Inc.*, 177 Wash. 554, 33 P. (2d) 102. The cause is again before us, appellant's petition for a rehearing *En Banc* having been granted.

There can be no sensible distinction between the case of a legal title conveyed to secure the payment of a debt, and a legal title retained to secure payment. *Taylor v. Interstate Investment Co.*, 75 Wash. 490, 135 Pac. 240. It follows, as counsel for appellant argues, that conditional sale contracts may be assumed orally the same as any other mortgage indebtedness, payment of which has been orally assumed by a grantee. We held in *Rodger v. Johnson*, 148 Wash. 675, 270 Pac. 105; *Great West. Theatre Equipment, Inc. v. M. & E. Theatres, Inc.*, 164 Wash. 557, 3 P. (2d) 1003, 7 P. (2d) 1119; *National Credit Co. v. Casco Co.*, 173 Wash. 275, 22 Pac. (2d) 670, and other cases, that the purchaser of property may orally assume the obligations of a conditional sale contract and be bound thereby.

Insisting that this is not an action to enforce the terms of the conditional sale contract, but an action upon a note orally assumed, respondent argues that the statute (Rem. Rev. Stat., § 3409 [P. C. § 4089]), declaring that no person shall be liable on a negotiable instrument whose signature does not appear thereon, precludes enforcement of payment against respondent, who did not sign the note either as maker or indorser.

We held, in *Swenson v. Stoltz*, 36 Wash. 318, 78 Pac. 999, that the statute limiting liability to persons whose signatures appear upon the instrument, and intended to operate as a statute of frauds, has no application to a suit on an oral guaranty of payment of a note. We said:

"It will be observed that § 18 says that no person is liable 'on the instrument' whose signature does not appear thereon. This is not a suit on the instrument, but upon the guaranty of appellants that the amount the note represented would be paid when due. The guaranty of a note is not a promise to answer for the debt of the maker, and is not within the statute of frauds, when it is negotiated in consideration of value received by the guarantor, but it becomes the original and absolute obligation of the guarantor himself whereby he promises to pay his own debt to the guarantee —that is to say the debt he owes his guarantee for what he has received from the latter. The note, meanwhile, is delivered and held as collateral to the promise of the guarantor. If the maker pays it at the date of its maturity, the guarantor's obligation is, by that fact, discharged; but, if the maker fails to pay, the guarantor remains liable upon his own obligation, which is absolute and independent of the note itself. *Cardell v. McNeil*, 21 N. Y. 336; *Milks v. Rich*, 80 N. Y. 269, 36 Am. Rep. 615; *Bruce v. Burr*, 67 N. Y. 237; *Holm v. Jamieson*, 173 Ill. 295, 50 N. E. 702, 45 L. R. A. 846; *Delsman v. Friedlander*, 40 Ore. 33, 66 Pac. 297; *Kiernan*

*v. Kratz*, 42 Ore. 474, 69 Pac. 1027, 70 Pac. 506. That an oral guaranty, under such conditions is binding upon the guarantor, is held in the following cases: *Cardell v. McNeil, Milks v. Rich, Bruce v. Burr*, and *Kiernan v. Kratz, supra;* also, in *Union Nat. Bank v. First Nat. Bank*, 45 Ohio St. 236, 13 N. E. 884; *Taylor v. Soper*, 53 Mich. 96, 18 N. W. 570; *Koch v. Melhorn*, 25 Pa. St. 89, 64 Am. Dec. 685. See, also, 2 Daniel, Negotiable Instruments, § 1763 (5th ed.); Tiedeman, Commercial Paper, § 418.

"Appellants argue that the so-called negotiable instrument law, which has been recently adopted by a number of the states, including our own, with a view to uniformity of laws upon that subject, was intended as in the nature of a statute of frauds pertaining to the liability of persons in connection with negotiable paper, and that no liability can exist without the signature of the person sought to be charged upon the negotiated instrument, under § 18 of our law upon the subject. Such is, no doubt, true where liability is predicated upon the instrument itself, but, as we have seen, this is not such a case. The liability sought to be enforced neither arises out of the instrument, nor is it based thereon. This note, made by third parties, is merely an incidental and collateral matter to the agreement sued upon here, which is, in effect, an agreement to make good to respondents that from which they parted, and which they turned over to the party here sought to be charged."

In *First State Bank of Windom v. McElwrath*, 266 S. W. (Tex. Civ. App.) 837; *Hubb Diggs Co. v. Fort Worth State Bank*, 117 Tex. 107, 298 S. W. 419, and *Jonas v. Hughes*, 64 Ore. 24, 128 Pac. 998, *Swenson v. Stoltz, supra*, is cited with approval. See, also, 3 R. C. L. 1160, § 378.

In *Rodger v. Johnson*, 148 Wash. 675, 270 Pac. 105, we held that the assignee of property conditionally sold, who assumes payment of the note evidencing the debt under the conditional sale contract, as part of the consideration, is liable to the vendor in an action on the note and contract for the balance due on the note. In that case, the assignee received from the vendee a bill of sale for the furniture transferred to him. However, that bill of sale was not introduced in evidence on the trial, and we do not know whether the assignee did other than orally assume payment of the balance due on the note.

*Frazey v. Casey*, 96 Wash. 422, 165 Pac. 104; *Security State Bank v. Adkins*, 134 Wash. 94, 235 Pac. 18, and *Federal Land Bank of Spokane v. Miller*, 155 Wash. 479, 284 Pac. 751, are out of harmony with *Swenson v. Stoltz*, 36 Wash. 318, 78 Pac. 999, and *Rodger v. Johnson*, 148 Wash. 675, 270 Pac. 105.

The five cases cited and the case at bar are not distinguishable in principle, hence we should overrule the first, second and third cases above cited or write out of our reports the fourth and fifth cases cited above. We should follow one of the two lines of authority.

I am of the opinion that we should follow *Swenson v. Stoltz*, 36 Wash. 318, 78 Pac. 999, and all of our opinions in conflict therewith

should be overruled. Where the pleading sets up the note, alleges oral or written guaranty by the defendant to pay the debt evidenced thereby, and the vendor or his successor in interest prays recovery of the amount due on the note, the action is none the less on the guaranty.

The judgment should be reversed, and the cause remanded with direction to the trial court to proceed in conformity to the foregoing.